E. M. LOEW'S ENTERPRISES, INC. *v.* INTERNATIONAL
ALLIANCE OF THEATRICAL STAGE EMPLOYEES ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued November 8, 1940—decided January 10, 1941.

*Joseph X. Friedman,* for the appellant (plaintiff).

*Joseph P. Cooney,* with whom were *John P. Cotter* and *John J. Scanlan,* for the appellees (defendants).

MALTBIE, C. J. In the original complaint in this action begun in August, 1937, the plaintiff sought relief against the defendants on the ground that they were illegally picketing a moving picture theatre operated by it in Hartford. The complaint alleged, among other things, that the conduct of the defendants had caused serious loss and damage of an irreparable nature to the plaintiff and that it was without adequate remedy at law, and claimed an injunction, $5000 damages and such other legal or equitable relief as was proper. By an amendment to the complaint, filed December 21, 1937, further allegations were added to the effect that the picketing was in furtherance of a strike and that since the bringing of the action the strike had terminated. The case was tried and the trial court reached the conclusions that the right to maintain the picketing existed only as an incident to and during the continuance of a bona fide strike, that the strike had terminated, at the latest, about four months before the trial, that in the absence of evidence of actual

damages the plaintiff was entitled only to nominal damages, but that it was entitled to an injunction restraining the defendants from continuing the picketing. The case came to this court by appeal from the judgment entered in accordance with these conclusions. *Loew's Enterprises, Inc.* v. *International Alliance of T. S. E.*, 125 Conn. 391, 6 Atl. (2d) 321. We held that the controlling issue was that presented by the conclusion of the trial court that the strike had terminated, and as this was, on the facts then before the court, erroneous, we found error and ordered a new trial.

On April 16, 1940, after the remand of the case, the plaintiff filed an amendment to the complaint alleging that since the bringing of the action and prior to March 21, 1940, the strike had terminated. Thereafter the parties filed a stipulation that Chapter 309a of the 1939 Supplement to the General Statutes, §§ 1420e-1428e, an act passed in the legislative session of that year and entitled "Injunctions in Labor Disputes," was an issue in the case, although not formally raised by the pleadings and also, in effect, that the facts found upon the previous trial should be regarded as though found upon this trial. The trial court, after hearing the further evidence offered at the new trial, concluded that Chapter 309a prevented the issuance of any injunction to restrain the continuance of the picketing, and in effect that there had been no termination of the strike such as would make the picketing unlawful. Judgment was entered for the defendants. While at the trial the plaintiff made a number of other claims of law, upon this appeal it contends only that the trial court erred in these two conclusions.

As regards the application of Chapter 309a, which was enacted after this action was begun, the contention of the plaintiff is, not that its application in this

case would impair vested rights, but that it affects substantive rights and therefore is not to be construed as applying to a pending action. It is an accepted rule in the construction of statutes that, at least in so far as they affect substantive rights, the legislature is presumed to have intended that they should not apply to pending actions, unless the contrary clearly appears. *Old Saybrook* v. *Public Utilities Commission,* 100 Conn. 322, 325, 124 Atl. 33. On the other hand, as regards statutes which are general in their terms and affect matters of procedure, the presumption is that they are intended to apply in all actions, whether pending or not. *Hine* v. *Belden,* 27 Conn. 384, 391; *O'Brien* v. *Flint,* 74 Conn. 502, 509, 51 Atl. 547; *Zalewski* v. *Waterbury Mfg. Co.,* 89 Conn. 46, 48, 92 Atl. 682. It may be questionable whether the latter presumption applies to all statutory changes which affect only remedies. The basis of the presumed intention that statutes affecting substantive rights shall not apply to pending actions is no doubt the injustice of changing the grounds upon which an action may be maintained after it has been brought. *Lazarus* v. *Metropolitan Elevated Ry. Co.,* 145 N. Y. 581, 585, 40 N. E. 240. Where the nature of the relief sought is the principal object of the action and so is of its substance, the same considerations might apply as in the case of statutory changes involving substantive rights. "The word 'remedy' itself conceals at times an ambiguity, since changes of the form are often closely bound up with changes of the substance. . . . The problem does not permit us to ignore gradations of importance and other differences of degree. In the end, it is in considerations of good sense and justice that the solution must be found." Cardozo, J., in *Matter of Berkowitz* v. *Arbib & Houlberg,* 230 N. Y. 261, 271, 130 N. E. 288.

However that may be, injunctions fall within the

field of equitable remedies and not equitable rights; they are necessarily prospective in their operation. An action for an injunction being equitable, whether or not a plaintiff is entitled to relief is determined, not by the situation existing when it is begun, but by that which is developed at the trial. *Woodbridge* v. *Pratt & Whitney Co.*, 69 Conn. 304, 334, 37 Atl. 688; *Mackey* v. *Dobrucki*, 116 Conn. 666, 671, 166 Atl. 393. In an action seeking an injunction, we said: "In equitable proceedings, any events occurring after their institution may be pleaded and proved which go to show where the equity of the case lies at the time of the final hearing." *Duessel* v. *Proch*, 78 Conn. 343, 350, 62 Atl. 152. This is so thoroughly established a principle of law that any person bringing an action to secure an injunction must be considered to know it just as he is presumed to know that statutory changes in procedure, made after the action is brought, may affect it. There is no injustice in such a situation in applying to a pending case a change in the law such as that made by the statute now in question, and hence the presumption that the legislature did not intend that it apply is without basis. In this very case the plaintiff seeks to secure relief upon the ground that the strike to which the picketing was an incident had terminated since the bringing of the action, and we can see no material difference between making the granting of relief dependent upon a factual situation changed since the action was begun and one making it dependent upon a changed legal situation. In *Sherman* v. *Abeles*, 265 N. Y. 383, 389, 193 N. E. 241, an action seeking an injunction under the National Industrial Recovery Act, the court applied the provisions of a code for the motion picture industry which had not become effective until after the action was brought.

Chapter 309a employs a rather unusual terminology. It, in terms, denies the court's "jurisdiction" to issue in labor disputes injunctions which restrain certain acts, and to issue either temporary or permanent injunctions except upon certain specified conditions. " 'Jurisdiction of the subject-matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong.' " *Case* v. *Bush*, 93 Conn. 550, 552, 106 Atl. 822; *New Haven Sand Blast Co.* v. *Driesbach*, 104 Conn. 322, 329, 133 Atl. 99. The act does not deny to courts the power to hear and determine actions seeking injunctions in labor disputes but only limits them in the exercise of that power. The essence of the act is not to take away from courts jurisdiction, in the usual meaning of that word, over actions seeking injunctions in labor disputes but to forbid them to issue injunctions of a certain character or unless certain conditions are found to exist. The legislature must be presumed to have known that the issuance or refusal of an injunction depends not on the situation at the time the action is brought, but upon that found to exist when the case is tried. The terms of the act are general and the natural meaning of its language is that it is to be applied to the issuance of injunctions in cases pending when it became law as well as to those brought after that time. That the legislature so intended we cannot doubt. The situation is not within the provision of § 6568 of the General Statutes, that "The passage or repeal of an act shall not affect any action then pending," for this is "merely declaratory of a rule of construction" and not applicable where a legislative intent to the contrary appears. *Neilson* v. *Perkins*, 86 Conn. 425, 427, 85 Atl. 686. The trial court was correct in holding that Chapter 309a was to be given effect in this action.

The acts which the defendants committed or in the commission of which they aided amounted to no more than peaceful picketing of the plaintiff's theatre, effected by signs carried back and forth before its entrance, stating: "Labor Trouble in this Theatre with Members of the International Alliance of Theatrical Stage Employees and Motion Machine Operators of the United States and Canada." In § 1421(e) of the act it is provided that no court shall issue a temporary or permanent injunction in any case growing out of a labor dispute restraining any person or persons participating or interested in such disputes from "giving publicity to the existence of, or the facts involved in, any labor disputes, whether by advertising, speaking or patrolling or by any other lawful method." Whether or not the strike had terminated, there was still a labor dispute between the parties as defined in § 1420e. The issuance of an injunction against the defendants restraining them from carrying on the picketing would clearly violate the provision quoted above and there was no error in the refusal of the trial court to grant it.

The plaintiff does not claim that the picketing was unlawful at its inception. A recovery of damages would necessarily have to be founded upon proof that at some time the picketing had become unlawful and its continuance thereafter had resulted in damage to the plaintiff. It did not in the trial court, nor does it before us claim a recovery of damages. Its position is that, as early as May, 1938, the receipts at its theatre had reached normal and have continued normal ever since and the conclusion of the trial court that it had failed to prove that it had sustained any actual damage is not assigned as error. The plaintiff was in effect seeking as its sole remedy an injunction. There is no basis in its claims or in the facts proven

which would justify a remand of the case for a retrial of issues involved in a claim for damages.

There is no error.

In this opinion the other judges concurred.