CLARENCE A. DEMAREST ET AL. *v.* ZONING COMMISSION OF THE TOWN OF PLAINVILLE ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 7—decided May 6, 1948

*Margaret P. Camp* and *Mortimer H. Camp,* for the appellants (plaintiffs).

*Arnold M. Sweig,* for the appellee (defendant zoning commission).

*William N. DeRosier,* with whom, on the brief, was *Arthur T. Nichols,* for the appellees (defendants Harrison).

Maltbie, C. J.  The plaintiffs appealed to the Court of Common Pleas from a decision of the zoning commission of the town of Plainville under an act passed by the General Assembly at its last session.  General Statutes, Sup. 1947, § 121i et seq. The trial court, on motion of the individual defendants, who appeared solely to contest the jurisdiction, erased the appeal on the ground that the act did not apply to these proceedings, which were begun before it took effect.  The plaintiffs have appealed to this court.

The 1947 act begins with a provision that any town, city or borough may by vote of its legislative body adopt the provisions of the act and exercise through a zoning commission the powers specified in the law.  On September 29, 1947, the town of Plainville, in which zoning had previously been in effect, voted to adopt the act.  The act provides that,

upon its adoption, all zones and zoning regulations legally adopted under the statutes previously in force shall remain in effect. It makes somewhat different provisions as to towns than it does as to cities or boroughs, and we are concerned only with those affecting towns.

The complaint alleges: In July, 1947, J. E. and R. S. Harrison applied to the commission to change the zoning ordinance of the town so that a tract of land owned by them, then in a residence B zone, should be in part in a business and in part in an industrial zone. The application was heard on July 28, 1947. On or before that date, the plaintiff property owners filed with the commission a written protest sufficient to require a unanimous decision of the commission under the provisions of the statute then in effect, as well as under the 1947 act. General Statutes, Cum. Sup. 1939, § 132e; Sup. 1947, § 123i. The 1947 act took effect on October 1, 1947. On November 3, 1947, the commission voted to grant the application made by the Harrisons, with provision that it should become effective on November 12, 1947, but without any publication in a newspaper having a circulation in the town, as required by § 123i of the 1947 act. The change was approved by a vote of three in favor and two against it. The plaintiffs filed an appeal to the Court of Common Pleas from the decision of the commission.

The statutes as they stood previous to October 1, 1947, provided for appeals from zoning boards of appeal but not from zoning commissions. If the trial court was right in holding that the 1947 act did not apply to this proceeding, it had no jurisdiction of the appeal and the judgment erasing it was correct. *Long* v. *Zoning Commission*, 133 Conn. 248, 252, 50 A. 2d 172. Whether a statute will be given

a retrospective effect presents primarily a question of legislative intent, and where the legislature makes no specific provision, as it did not in the law before us, the matter becomes one of presumed intent. It is a general rule that, in so far as a new law might affect substantive rights, the legislature, unless it has indicated a contrary intent, is presumed to have intended that it should not apply to pending proceedings, but that where its terms are general and affect only procedural matters it applies in all proceedings, whether pending or not. *Loew's Enterprises* v. *International Alliance of Theatrical Stage Employees*, 127 Conn. 415, 418, 17 A. 2d 525. In that case we noted, however, that the situation may be such that statutes dealing with procedure alone may so greatly affect the position of the parties to a proceeding that they will not be applied in it. Our search for the legislative intent may not, then, in all instances stop with the determination that a statute concerns procedure alone.

The 1947 act made a number of changes in the previously existing statutes as to zoning. It is necessary, however, to refer only to one. It is required that, if at a hearing before a town commission upon an application for a change in zoning a majority of those present oppose the change, it cannot become effective unless approved by a majority vote at a duly warned town meeting. Sup. 1947, § 123i. If an application to a commission for a change was made before October 1, 1947, and, as occurred in this case, was heard before that date, the commission would be under no duty to determine at the hearing whether a majority of those present opposed the change, and, if it did and a majority opposed it, such a determination would be outside the scope of the 1947 law, which had then not taken effect, and

could give no sanction to a town meeting called to pass upon the proposed change. The legislature certainly could not have intended that the 1947 act should apply broadly to pending proceedings; and the provision in it as to an appeal from the decision of a zoning commission cannot be singled out from the whole so as to make it applicable in this case. *U. S. Fidelity Co.* v. *Struthers Wells Co.*, 209 U. S. 306, 316, 28 S. Ct. 537, 52 L. Ed. 804. No appeal could properly have been taken except in accordance with the statutes in effect when the application was made. The trial court properly concluded that there was no right of appeal from the decision of the commission and was not in error in erasing the appeal for want of jurisdiction.

There is no error.

In this opinion the other judges concurred.