DALE F. REESE *v.* NAN E. REESE

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued October 7—decided November 29, 1949.

*Wallace W. Brown,* for the appellant (defendant).

*Frank Chapman,* with whom were *Lee C. Fielden* and, on the brief, *Ernest W. McCormick,* for the appellee (plaintiff).

DICKENSON, J. The action was brought by writ dated September 29, 1944. The complaint alleges that the defendant "for more than one year last past has been and now is habitually intemperate." The answer denies the allegation. The statute under which the action was brought, General Statutes, Rev. 1930, § 5174, as amended by Cum. Sup. 1935, § 1597c, provided that in a divorce action brought on the ground of habitual intemperance "it shall be sufficient if the cause of action shall be proved to have existed until the date of the signing of the complaint." This clause was amended by Sup. 1947, § 1351i (Rev. 1949, § 7327), to read, "it shall be sufficient if the cause of action shall be proved to have existed until the time of the separation of the parties." The case was referred to a referee for a finding of the facts. His report was accepted with certain corrections and judgment was rendered thereon on September 29, 1948. The trial court held, as indicated in the memorandum of decision, that § 1351i applied, that the parties had separated in 1942 and that habitual intemperance of the defendant had existed to that time only; and it granted the divorce. The defendant has appealed from the judgment, claiming that § 1351i does not apply to pending actions and further that any question of a separation of the parties in 1942 was not an issue in the case. The defendant sought numerous corrections in the report and some of these the trial court made. The plaintiff has assigned error in the action of the trial court as to one of these corrections, and this we first consider.

The referee filed a report September 4, 1945, finding habitual intemperance on the part of the defendant to the date of the signing of the complaint. The defendant filed a remonstrance to the report, claiming, inter alia, that the finding that habitual intemperance

existed until the signing of the complaint was a subordinate fact found without evidence. The plaintiff, in his answer, claimed that the finding was that of an ultimate fact, that it could not be attacked for lack of evidence and that it was supported by the subordinate facts found. The report left it uncertain whether the finding was that of a primary fact based directly on evidence and so reviewable or was a conclusion deduced from other facts found. See Conn. App. Proc. § 79. The trial court (*Mellitz, J.*) referred to the evidence in order to test it as a primary fact and failed to find adequate support for it. It therefore recommitted the report for a finding of further facts relevant to the issue. Practice Book § 173. The supplemental report recited additional facts with no conclusions. The trial court (*Troland, J.*) reviewed the finding in question as a conclusion from facts found in both the original and supplemental reports, ruled that these did not support the finding of habitual intemperance to the date of the complaint and struck out the finding. This was correct procedure and we cannot say the decision of the trial court that the facts did not support the finding was not justified. Practice Book § 172; *Cohn* v. *Hartford,* 130 Conn. 699, 706, 37 A. 2d 237.

The established facts may be summarized as follows: The parties intermarried July 16, 1927. They have one child, Dale Fleming Reese, Jr., born June 18, 1932. After marriage the parties occasionally had cocktails and highballs before dinner and in the evening, and the plaintiff kept on hand alcoholic beverages for such use. After they had been married two or three years, the defendant became intoxicated on numerous occasions which increased in frequency and duration. When not drinking, she was agreeable and easy to get along with. Commencing March 9, 1936, the defendant was committed to various institutions for treatment because

of her excessive use of alcoholic liquor, and from that date until August 29, 1944, she was an inmate of these institutions for substantially one-half of the time. The last of these commitments was on August 29, 1942. She remained in this institution until August 30, 1944. She became intoxicated on three occasions in 1943. There was no evidence of intoxication after November 3, 1943.

On the original and supplemental reports of the referee as corrected, the trial court concluded that the defendant was habitually intemperate until a separation of the parties in August, 1942, and gave judgment upon that basis under the provisions of § 1351i. The decisive question is: Was it in error in so doing? The question we decide is whether the statute may be applied to a pending action.

The action was brought in 1944. Judgment was rendered in 1948. The effective date of § 1351i was October 1, 1947. General Statutes, Rev. 1930, § 6568 (Rev. 1949, § 8890), provides in part: "The passage or repeal of an act shall not affect any action then pending." In *Loew's Enterprises, Inc.* v. *International Alliance of Theatrical Stage Employees*, 127 Conn. 415, 418, 17 A. 2d 525, we considered the matter at length and reviewed the cases. We stated it to be an accepted rule of construction of statutes that, at least in so far as they affect substantive rights, the legislature is presumed to have intended that they should not apply to pending actions unless the contrary clearly appears, and that, on the other hand, as regards statutes that are general in their terms and affect matter of procedure, the presumption is that they are intended to apply in all actions whether pending or not. We added: "It may be questionable whether the latter presumption applies to all statutory changes which affect only remedies. The basis of the presumed in-

tention that statutes affecting substantive rights shall not apply to pending actions is no doubt the injustice of changing the grounds upon which an action may be maintained after it has been brought." We quoted *Cardozo, J.,* in *Matter of Berkovitz* v. *Arbib & Houlberg,* 230 N. Y. 261, 271, 130 N. E. 288: "The word 'remedy' itself conceals at times an ambiguity, since changes of the form are often closely bound up with changes of the substance. . . . The problem does not permit us to ignore gradations of importance and other differences of degree. In the end, it is in considerations of good sense and justice that the solution must be found." The plaintiff contends, by the authority of the *Loew's Enterprises* case, that § 6568 is a mere rule of construction and has no application to a statute in which the legislative intent to have it apply to pending actions is evident. The short answer to this is that no intent appears in the statute that it is to apply to pending actions. It is of some significance that the legislature, in enacting Sup. 1945, § 928h, a statute relating to the residence required in divorce actions, expressly provided that it should apply to pending actions.

The rule of construction we stated in *Loew's Enterprises, Inc.* v. *International Alliance of Theatrical Stage Employees,* supra, and reaffirmed in *Demarest* v. *Zoning Commission,* 134 Conn. 572, 574, 59 A. 2d 293, is of strong application in the instant case. The complaint alleged habitual intemperance to the date of the complaint. The answer denied it. There was no allegation of a separation of the parties before that time, no amendment to the complaint involving § 1351i, and no stipulation, as in the *Loew's Enterprises* case, that it be treated as an issue. Separation, as contemplated by the statute, was not an issue, and there was no occasion for the defendant to meet it as such. Indeed, the

first reference to the statute appears in the trial court's memorandum of September 29, 1948. Whether the statute is substantive or procedural in character, to apply it to the situation before us would be contrary to "good sense and justice." We hold that § 1351i was within the express provision of § 6568 as to pending actions and was not applicable to the case before us.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.