## DALE F. REESE v. NAN E. REESE

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 72243-J

Memorandum filed April 21, 1950

*Robinson, Robinson & Cole,* of Hartford, for the Plaintiff.

*Gross, Hyde & Williams,* of Hartford, for the Defendant.

MOLLOY, J. Plaintiff brought suit for divorce by complaint dated September 29, 1944, alleging defendant's habitual intemperance until the date of the complaint. A trial before a referee was had in May and June, 1945. The statute in effect at the time of the institution of this suit required proof of the existence of the cause of action for divorce for habitual intemperance until the date of the complaint. Section 1351i of the 1947 Supplement to the General Statutes became effective October 1, 1947. This section provided that it would be sufficient in a suit for divorce for habitual intemperance that the cause of action be proved to exist until the separation of the parties.

On October 25, 1948, the Superior Court rendered judgment for divorce to the plaintiff under § 1351i. The decision held that the habitual intemperance existed at the time of the separation and did not exist at the date of the writ. On appeal, the Supreme Court of Errors decided that § 1351i did not apply to this pending case because of General Statutes § 8890 which provides that "The passage or repeal of an act shall not affect any action then pending." *Reese* v. *Reese,* 136 Conn. 191, 194. It therefore set the judgment aside and remanded the case for further proceedings according to law.

The plaintiff then moved to amend his complaint; defendant moved for judgment. This court, by Judge Inglis, granted the motion to amend and denied defendant's motion. The plaintiff thereupon amended his complaint alleging that the plaintiff separated from the defendant on August 28, 1942, because of

the defendant's habitual intemperance; and that for more than one year preceding the time of the separation of the parties the defendant had been, and continued to be for some time there-after, habitually intemperate. Of course, the plaintiff seeks to invoke § 1351i.

The defendant demurs to the amended complaint raising the question of the retroactive application of § 1351i to a situation in which the habitual intemperance and the separation caused thereby both occurred prior to the enactment of the statute.

This case has been pending since September 29, 1944, not merely since December 23, 1949, when the "amended complaint" was filed. It is not now a new case because of the amendment. Even the amended complaint refers to "the date of the com-mencement of this action on September 29, 1944."

The plaintiff seeks to apply § 1351i retroactively. To do so would seem to affect substantive or substantial rights existing in the defendant before its passage in 1947. The very purpose of § 8890 is to safeguard substantive or substantial rights in litigants for it says, "The passage or repeal of an act shall not affect any action then pending." Surely this action was pending when § 1351i was enacted. The latter liberalized the law of divorce as relates to the habitual intemperance ground, saying, in effect, that the offender need not have been habitually in-temperate till the date of the signing of the writ, but only to the time of separation. In other words, a petitioner might not sue for some considerable time after the separation; in the mean-time there might be a reformation on the part of the offender. Under the old law it was sufficient that the habitual intemper-ance continued to the date of the signing of the writ and com-plaint; now that has been changed; the habitual intemperance need only be to the time of separation. That is a vital matter for this defendant, for the finding of the court was, in effect, that she had mended her ways long before the date of the institution of the action. It was only by a change in the law, coming about three years after the bringing of the action, that the plaintiff was able to prevail. The Supreme Court said this was error.

The Supreme Court of Errors spoke plainly when, speaking of the 1947 statute, it said, "Whether the statute is substantive or procedural in character, to apply it to the situation before us would be contrary to 'good sense and justice.' We hold that

§ 1351i was within the express provision of § 6568 [now § 8890] as to pending actions and was not applicable to the case before us." *Reese* v. *Reese,* supra, 196.

Apparently, from the record, when the plaintiff instituted this action he had no case. By the enactment of § 1351i he has one, so asserts the plaintiff. The defendant was secure when the action was brought; now she is to be insecure, because the law has been changed. Her substantial rights were affected. Section 8890 says this may not be done, for "The passage or repeal of an act shall not affect any action then pending."

The demurrer is sustained on grounds 1 and 2.