BRIDGEPORT BRASS WORKERS UNION LOCAL 320 ET AL.
*v.* THOMAS SMITH ET AL.

BROWN, JENNINGS, BALDWIN, INGLIS AND ALCORN, Js.

Argued February 7—decided May 23, 1950.

*Margaret Connors Driscoll,* with whom were *Thomas R. Robinson* and *Chester T. Corse,* for the appellants (defendants).

*David R. Lessler,* for the appellees (plaintiffs).

JENNINGS, J. The general situation in this case is similar to that in *Vilella* v. *McGrath,* decided this day.[1] The main difference lies in the parties to the litigation. In the *Vilella* case the dispute is between the Chase local and International; there is only one local involved. In the case at bar the dispute is between two factions of a local. One, the Smith faction, attempted to withdraw from International; the other, the Federico faction, is composed of so-called loyal members. Smith and Federico both claimed to be president of the local.

The procedure followed the pattern in the *Vilella* case. There was a call for a special meeting of the membership. The meeting was held January 31, 1947. The vote to withdraw from International was carried over the dissent of a substantial minority, 332 to 129. The Smith faction returned its charter to International and affiliated first with the P. M. C. and then with Industrial. The Federico faction, claiming that it was a continuation of International Local 320, received a charter from International and attempted to oust the officers of the Smith faction and to rescind the vote to withdraw. An N. L. R. B. election was held and, as a result, the Federico faction was certified as the collective bargaining agent.

The trial court found that the special meeting of January 31 was duly authorized by vote at a regular membership meeting held January 26, but concluded that the action taken at the special meeting was void because (1) the agenda prepared by the officers for the special meeting varied from that defined by the regular membership meeting, (2) the notice of the special meeting was inadequate and not reasonable, and (3)

---

[1] This case should be read with the *Vilella* case, which contains a general statement of fact and law and a table of abbreviations.

the vote taken was ineffective to establish the with-drawal because it was not unanimous. Judgment was for the Federico faction and that the latter was entitled to all assets in possession of the Smith faction prior to the attempted withdrawal or accruing to it since that time. The Smith faction and the individual defend-ants, officers or members thereof, were restrained from disposing of any of those assets and were ordered to account to the Federico faction for all transactions since January 31, 1947.

Certain additional facts must be stated to test the validity of the first conclusion. The "minority report" referred to below is described in the *Vilella* case. The minutes of the regular membership meeting of January 26, 1947, read in part as follows: "Ch. Smith stated that a Special meeting should be called to allow the membership to hear the minority report and take action as they see fit. It was so moved and passed. . . . M/M/S/C [motion made, seconded, carried] That dis-cussion & decisions be made minority report and action to be taken." The agenda prepared by the officers in-cluded, in a bulletin notice posted in the shop: "1. To hear report of minority members of the canvassing committee on the recent International elections. 2. To consider withdrawing from the International Union of Mine, Mill & Smelter Workers." A similar agenda was incorporated in the notices which were mailed.

The importance of a vote to withdraw from Inter-national is obvious. The special meeting was not called in accordance with the by-laws empowering the executive committee to call such meetings, and its ac-tion in attempting to call this one was without effect. The trial court held that the meeting was authorized by the membership and discussed the matter as follows in the memorandum of decision (15 Conn. Sup. 518, 519, 520): "It is evident, of course, that all power re-

sides in the membership. If the union were to be dissolved, to withdraw or secede from the International, such a purpose, admittedly, could be achieved only as the result of the valid action of the members. The Executive Board in the provisions of Article 3, section 2 is not vested with the power and authority of the membership which may be exercised by the latter at either a regular or special meeting. Its power is limited to periods between meetings and then only concerning matters which 'cannot be deferred until the next regular meeting.' Manifestly if the members of a Local met at such a regular meeting and acted upon a particular matter, their having done so, excludes the right or power of the Executive Board's thereafter doing so as respects the same subject. In the present instance a regular meeting of the Local did so act on January 26, 1947 in directing the calling of a special meeting to be held on January 31, 1947 and in specifying the one matter to be considered thereat, namely, 'to allow the membership to hear the minority report and take action as they see fit.' ... the executive board was without power to change the purpose of the special meeting as the regular meeting had defined it. ... the only matter, if any, upon which the Local could have taken action was with reference to the minority report. ... the vote on the subject of the Local's withdrawal from the International was void. See cases collected in Annotation, 167 A. L. R., 1233, et seq." And see the case annotated, *Bacon* v. *Paradise,* 318 Mass. 649, 655, 63 N. E. 2d 571, 167 A. L. R. 1227. The vote to withdraw was void for the reasons stated in the memorandum. Consideration of the other conclusions stated above is unnecessary.

At the trial and in this court the defendants claimed that, even if the vote to withdraw was void, the officers of the Smith faction were never legally ousted and the

officers of the Federico faction never legally elected, so that the former were still the officers of the local, and continued to have control and direction of its affairs. The president of International, claiming that the officers of the Smith faction had, as individuals, separated from the union but that the vote taken on January 31, 1947, was ineffectual to change the affiliation of the local, called a meeting of the local for February 9, 1947. That meeting was finally held February 27, 1947. Federico and others were elected temporary officers to fill the offices allegedly made vacant by the attempted withdrawal of the Smith faction. Smith and his associates had been elected to their respective offices for a term of one year commencing June 5, 1946. At a meeting held May 29, 1947, the officers of the Federico faction notified the officers of the Smith faction that the latter had been expelled from the local. The vote to withdraw passed January 31 was rescinded.

This is all that appears in the finding on this subject, but the exhibits are referred to therein. Some limit must be placed on the length of this discussion. The situation at the time of trial governs in equitable actions. *Loew's Enterprises, Inc.* v. *International Alliance of Theatrical Stage Employees,* 127 Conn. 415, 419, 17 A. 2d 525. That situation in this case may be summarized as follows: The Smith faction and the Federico faction are the real parties in interest. The Smith faction has made no affirmative claims for relief and the burden of proof is on the Federico faction. It has proved that the vote of the Smith faction to withdraw was void. The defendants claim that, even if this is so, the Smith faction is still in control of Local 320 because the proceedings for its ouster were not carried out in accordance with the provisions of the constitution of International and the local union by-laws. Their position, therefore, is that although the terms

for which they claim to have been elected have expired and although they have surrendered their International charter and accepted one from Industrial, they are still de jure officers of a local affiliated with International. The absurdity of such a claim is apparent. When the Smith faction surrendered its charter after the invalid vote to withdraw from International, any right it had to control the assets of Local 320 was gone. Even though the right to these assets was in suspense until the reorganization of Local 320, when the Federico faction was organized as a continuation of Local 320 under the provisions of the constitution of International, it was entitled to possession and control of those assets. This was the conclusion of the trial court. As noted by it, no objection was raised to the form of judgment.

There is no error.

In this opinion the other judges concurred.