## FIELD v. WITT TIRE CO. OF ATLANTA, GA., Inc. et al.

### No. 57, Docket 22447.

United States Court of Appeals
Second Circuit.

Argued Oct. 7, 1952.

Decided Oct. 31, 1952.

---

Gumbart, Corbin, Tyler & Cooper, New Haven, Conn. (John B. Grant, Donald F. Keefe and Thomas G. Meeker, New Haven, Conn., of counsel), for plaintiff.

David M. Reilly and Martin E. Gormley, New Haven, Conn., for defendants.

Before SWAN, Chief Judge, and L. HAND and FRANK, Circuit Judges.

FRANK, Circuit Judge.

█ 1. We reject defendants' contention that the evidence was not enough to support the verdict. The photograph showing the cars on the west shoulder of the road, together with the absence of debris or tire-marks elsewhere, justified an inference that the north-bound truck had turned left across the center before it hit Field's car. This sufficed to warrant the conclusion that Connecticut General Statute, § 2489 had been violated.[4] LeBlanc v. Grillo, 129 Conn. 378, 28 A.2d 127.

█ 2. A witness for plaintiff testified that Flowers, the truck-driver, seemed sleepy after the accident. Flowers, on direct, testified that he was not then sleepy. On cross-examination, over defendants' objections, he answered that he had not been in bed for many hours before the accident. Defendants urge that the reception of this testimony was error. Of course, it was not since it served to explain why Flowers may have driven carelessly.

3. Judge Smith concluded that, in interpreting the Connecticut statute, he was bound to follow several interlocutory decisions of the Connecticut Superior Court, not officially reported, which held the amended wrongful-death statute not retroactive. Plaintiff argues that, on the authority of King v. Order of United Commercial Travelers, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608, such decisions do not control, on the ground that (so plaintiff asserts) they are not *stare decisis* in the Connecticut courts.[5]

█ We find it unnecessary to consider that interesting problem because, assuming we are free to determine for ourselves how the highest court of Connecticut would decide, we think that, on the basis of its own decisions, it would agree with the Superior Court decisions. When the new statute was enacted, there existed a Connecticut statute reading in part: "The passage or repeal of an act shall not affect any action then pending."[6] This statute is declaratory of the rule, recognized by the Connecticut Supreme Court, that legislation is not to be applied retroactively unless the legislation unequivocally expresses a contrary intent. Massa v. Nastri, 125 Conn. 144, 146–147, 3 A.2d 839, 120 A.L.R. 939; Demarest v. Zoning Commission, 134 Conn. 572, 575, 59 A.2d 293. To this rule there is an exception of "statutes which are general in their terms and affect matters of procedure". However, this exception does not include a statute which, although in form providing but a change in remedy, actually brings about "changes involving substantive rights." Loew's Enterprises, Inc. v. International Alliance of T.S.E., 127 Conn. 415, 418, 17 A.2d 525, 527; Demarest v. Zoning Commission, 134 Conn. 572, 575, 59 A.2d 293; Reese v. Reese, 136 Conn. 191, 195–196, 70 A.2d 123; cf. Massa v. Nastri, supra. We think the new statute so markedly affects "substantive rights" that the

---

4. Judge Smith said: "The jury had before it the testimony of the defendants' driver that, just prior to the accident, the decedent's car was traveling south, the defendants' truck, north, on a straight level stretch of Route 5 of Wallingford. The jury could have credited this testimony even though obviously they discredited the driver's further testimony that Field had come over on the truck's portion of the highway and that the collision occurred there. There was physical evidence in the presence of glass and chrome trim on the ground near where the vehicles came to rest, off the traveled portion of the road to the West, from which the jury could place the point of collision. If the collision occurred where the debris was found, the truck must have crossed the western half of the traveled portion of the highway just prior to the collision and in so doing have violated its duty, under the rules of the road, to the passenger car approaching from the north."

5. See Sunbeam Corp. v. Civil Service Employees Cooperative Association, 3 Cir., 187 F.2d 768; Roland Electrical Co. v. Black, 4 Cir., 163 F.2d 417, 423, 6 A.L.R. 2d 82; Producers Releasing Corp. v. Pathe Industries, 2 Cir., 184 F.2d 1021; cf. Lembcke v. United States, 2 Cir., 181 F.2d 703; State of Cal., Dept. of Employment v. Renauld, 9 Cir., 179 F.2d 605, 609.

6. Revision of 1949, III, Sec. 8890.

Connecticut Supreme Court would interpret it as not retroactive.

4. Defendants contend that it was error to instruct the jury that the recoverable damages were not limited; that this error could not be cured by subsequently limiting the judgment to the proper figure; and that, therefore, there must be a new trial. We do not agree. The verdict was the equivalent of a special verdict stating what the jury found to be the damages regardless of the statutory limit. With such a verdict before him, the judge correctly reduced the amount of the judgment.

Affirmed.