INA M. MICHAUD *v.* JOHN FITZRYK ET AL.

BALDWIN, C. J., KING, MURPHY, BORDON and TROLAND, Js.

Argued May 5—decided June 9, 1961

*Robert E. Mansfield,* with whom was *William J. Shea, Jr.,* for the appellants (defendants).

*John F. Downes,* with whom was *William A. Keefe,* for the appellee (plaintiff).

MURPHY, J.  The plaintiff, a tenant of the defendants, sustained injuries on May 7, 1956, when she tripped over a low wire fence which separated the lawn on their property from the public sidewalk. During the trial, the defendants unsuccessfully sought to introduce in evidence a written statement which the plaintiff had executed in the presence of her husband on May 22, 1956, and which was contradictory to her testimony.  Upon objection, the trial court ruled that the statement was not admissible because it did not contain the name and address of the person who took it, as required by the 1959 Public Acts, No. 541 (General Statutes § 52-147).

In 1956, when the statement in question was taken, it complied with the statute then in force, which required merely that in order for such a statement to be admissible in evidence, a copy of it had to be retained by the maker or delivered to him within thirty days.  Rev. 1949, § 7870.  When that statute, which became § 52-147 of the 1958 Revision, was repealed by Public Act No. 541 in 1959 and the substitute adopted, the requirement was added that the name and address of the person taking the statement had to appear on it.

The defendants alleged a special defense of contributory negligence.  It was incumbent on them, having alleged it, to prove it.  General Statutes § 52-114.  The defense of contributory negligence constituted a substantive right of the defendants which they were prevented from proving by the action of the court in giving retroactive effect to the 1959 act.  Since this legislation had no specific and unequivocal language making it applicable to pending actions, it should not have been given that effect.  General Statutes §§ 1-1, 55-3; *Reese* v.

*Reese,* 136 Conn. 191, 194, 70 A.2d 123; *State* v. *Jones,* 132 Conn. 682, 684, 47 A.2d 185; *E. M. Loew's Enterprises, Inc.* v. *International Alliance,* 127 Conn. 415, 418, 17 A.2d 525; *Field* v. *Witt Tire Co.,* 200 F.2d 74, 77 (2d Cir.). Retrospective laws generally, if not universally, work injustice. Statutes should be construed retrospectively only when the mandate of the legislature is imperative. *Taylor* v. *Mitchell,* 57 Pa. 209, 212; *Horn & Brannen Mfg. Co.* v. *Steelman,* 215 Pa. 187, 191, 64 A. 409; *Schlagheck* v. *Winterfeld,* 108 Ohio App. 299, 304, 161 N.E.2d 498; *Ekstrom* v. *Harmon,* 256 Minn. 166, 168, 98 N.W.2d 241.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.