[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Plaintiff Elizabeth James appeals a decision of the defendant office of services denying her claim for benefits submitted in behalf of her minor grandchildren. The commissioner acted pursuant to General Statutes § 54-205. The plaintiff appeals pursuant to § 54-211a, as amended by Public Act 93-310. Presently before the court is the defendant's motion to strike. The court finds in favor of the plaintiff.
Public Act 93-310 amended § 54-211a to provide for appeal of a decision of the defendant by trial de novo. Prior to the amendment, appeals had been only by review of the administrative record. The plaintiff filed her claim with the defendant on June 4, 1993. The Act became effective July 1, 1993. In her appeal, the plaintiff seeks a trial de novo. The basis of the defendant's CT Page 6190 motion to strike is its contention that the Act is not retroactive in effect and that the plaintiff is entitled only to an appeal on the administrative record. The court disagrees.
Public Act 93-310 must be given retroactive effect in this case for two reasons. First, "as regards statutes which are general in their terms and affect matters of procedure, the presumption is that they are intended to apply in all actions, whether pending or not." E. M. Loew's Enterprises, Inc. v.International Alliance, 127 Conn. 415. 418 (1941). Similarly, a procedural statute "ordinarily will be applied retroactively" unless "considerations of good sense and justice dictate that it not be so applied." Farricielli v. Personnel Appeal Board,186 Conn. 198, 206, n. 6 (1982) (erroneously cited by both defendant and plaintiff as appearing in volume 185 of the Connecticut Reports). The public act in question here plainly establishes a procedure to follow on appeal; it does not affect the substantive rights of victims or their representatives to obtain the benefits provided by the statute.
An even more compelling reason for concluding that the Act must be given retroactive effect in this case is that the defendant office of victim services itself interpreted the Act as applying to the plaintiff's claim. As conceded by the defendant, the plaintiff's claim was reviewed by a victim compensation commissioner, as required by the Act, rather than by the full commission as was required by the statute prior to the amendment.
The defendant's motion to strike the plaintiff's demand for a trial de novo is denied.
MALONEY, J.