MEMORANDUM OF DECISION ON PLAINTIFFS’ MOTION TO STRIKE SPECIAL DEFENSES
EAGAN, J.
INTRODUCTION
The plaintiffs have filed a Motion to Strike the four Special Defenses asserted by the defendant Mohegan Tribal Gaming Authority (MTGA) in the Amended Answer to Plaintiffs Second Amended Complaint, dated November 11, 2011.
The Motion to Strike is granted, in part, and denied, in part,
I. BACKGROUND
This case arises out of a motor vehicle collision on March 7, 2009 on 1-395 in Montville, which resulted in the death of Elizabeth Durante. The deceased was a passenger in a van which was struck by a vehicle operated by a patron of the Mohegan Sun Casino, Daniel Musser, who was intoxicated at the time of the accident. Prior to the accident, Musser was drinking at a night club located at the Mohegan Sun Casino.
This Court has previously denied a Motion to Strike filed by the Mohegan Tribal Gaming Authority (MTGA), a co-defendant in the case, and a Motion to Dismiss filed by two other co-defendants. The pending Motion to Strike filed by the plaintiffs attacks four Special Defenses contained in the MTGA’s Amended Answer. The First Special Defense asserts that the negligent, reckless and criminal conduct of Daniel Musser, the driver, was the intervening/su *230 perseding cause of the injuries to plaintiffs descendent. The Second Special Defense alleges that plaintiffs’ exclusive remedy is a claim under Section 3-252 of the Mohegan Tribe of Indians Tort Code, the recently enacted Dram Shop Act. The Third Special Defense is that plaintiffs have failed to state a claim for which relief can be granted. The Fourth Special Defense asserts that the plaintiffs’ claims are time-barred by the one year statute of limitation in Section 3-246 of the Tort Code.
II. STANDARD OF REVIEW
“A party wishing to contest the legal sufficiency of a Special Defense may do so by filing a Motion to Strike.” Barasso v. Rear Still Hill Road, LLC, 64 Conn.App. 9, 13, 779 A.2d 198 (2001) For purposes of a motion to strike, the moving party admits all well-pleaded facts. RK Constructors, Inc, v. Fusco, 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994).
“In ruling on a Motion to Strike, the Court must accept as true the facts alleged in a special defense and construe them in a manner most favorable to sustaining their legal sufficiency.” Connecticut National Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992) The court may not look beyond the allegations in the context of a motion to strike, Faulkner v. United Technologies, 240 Conn. 576. 580, 693 A.2d 293 (1997).
III. DISCUSSION
A. The First Special Defense of Superseding/Intervening Causes
The plaintiffs maintain that the First Special Defense must be stricken because the Connecticut Courts no longer recognize the doctrine of superseding/intervening causes. Relying on Barry v. Quality Steel Products, Inc,, 263 Conn. 424, 436, 820 A.2d 258 (2003), plaintiffs conclude: “The Connecticut Supreme Court has held that the doctrine of superseding causes no longer applies when a defendant claims that a subsequent negligent act by a third party extinguishes it own liability for the plaintiffs injuries.” Memorandum of Law In Support of Motion to Strike Special Defenses, p. 9.
The MTGA counters that in Barry, the Supreme Court extinguished the doctrine of superseding causes solely where negligent acts are involved. But the Supreme Court, “... expressly noted that its conclusion did not affect those cases in which the defendant claims that an unforeseeable intentional tort or criminal event superseded his tortuous conduct.” Id. at 439, n. 16, 820 A.2d 258. Objection to Plaintiffs Motion to Strike Special Defenses, p. 3. The first special defense here pleads not only negligence, but also reckless and criminal conduct by the driver. Furthermore, there are post -Barry decisions expressly approving a special defense where it alleges superseding intentional or criminal conduct, as opposed to mere negligent action, based on footnote 16 in Barry. Sullivan v. Metro-North Commuter Railroad Co., 96 Conn.App. 741, 901 A.2d 1258, cert. granted, 280 Conn. 919, 908 A2d 545 (2006); Emery v. City of New Haven, 2005 WL 2981785, 2005 ConmSuper. LEXIS 2819 (Conn.Super.Ct. Oct. 21, 2005).
In its Reply Brief, counsel for plaintiffs concedes that Connecticut law continues to recognize the doctrine of superseding/intervening causes in certain cases but argues that the doctrine is limited to intentional, tortuous action and should be limited to intentional, criminal conduct. Plaintiffs acknowledge, however, that “The question of whether an unintentional crime, that being one lacking any mens rea falls within the limited exception to the holding in Barry has not been addressed by Connecticut Courts.” Plain *231 tiffs’ Reply to Defendant’s Objection to the Motion to Strike Special Defenses, p. 3.
Whether intentional criminal conduct is required to meet the Barry standard is not appropriate for determination on the pending Motion to Strike. The allegation of criminal conduct is sufficiently broad to encompass unintentional, as well as intentional crimes and, in ruling on a Motion to Strike, a court must construe the allegations in the special defense . in a manner most favorable to sustaining their legal sufficiency.” Connecticut National Bank v. Douglas, Id.
Additionally, plaintiffs argue that even if the alleged intervening/superseding act were intentional, it cannot relieve a defendant of liability when the intervening/superseding act was within the scope of the risk created by the defendant. Issues involving scope of risk cannot be decided on a Motion to Strike as they go beyond the allegations and into the area of evidence.
Accordingly, the Motion to Strike the First Special Defense is denied.
B. The Second Special Defense. The Mohegan Dram Shop Act
1. The Legitimacy of the Dram Shop Act
The Mohegan Dram Shop Act, Section 3-252 of the Tort Code, was adopted by the Mohegan Tribal Council on February 9, 2011. The ordinance creates a civil cause of action for parties injured by individuals who were served alcohol while intoxicated. In its Second Special Defense, the MTGA alleges that the plaintiffs’ exclusive remedy is a claim under the Dram Shop Act.
Plaintiffs have moved to strike this Dram Shop Act defense on two grounds. First, plaintiffs argue that Section 3-252 is void because the Tribe has no authority in the area of liquor regulation and, therefore, no ability to legitimately enact a liquor liability law.
The MTGA counters that Section 3-252 creates a private cause of action and is not a regulation of alcohol.
This Court finds the MTGA’s reasoning more persuasive and notes that plaintiffs cite no legal authority for their position that Dram Shop Acts constitute the regulation of alcohol. Parenthetically, it should also be noted, as the defendant points out, that the Mashantucket Pequot Tribe has created a similar civil cause of action.
In view of its finding that Section 3-252 of the Tort Code is not an alcohol regulation, the Court need not decide whether the Tribe has the authority to regulate the use and distribution of alcohol.
2. The Retroactivity of the Tribe’s Dram Shop Act
The plaintiffs’ second argument is that because the Dram Shop Act did not exist either at the time of the collision on March 7, 2009 or at the time plaintiffs filed their Complaint on March 2, 2010 it is an improper defense. The MTGA responds that plaintiffs’ argument ignores the plain language of Section 3-252 which provides the statute is retroactive.
In support of its position that Section 3~ 252 can be applied retroactively, the MTGA relies on several Connecticut Supreme Court decisions, all of which recognize that a statute affecting substantive rights is presumed to operate prospectively only in the absence of legislative intent that it should also operate retroactively. Bryant v. Hackett, 118 Conn. 233, 238, 171 A. 664 (1934); In Re Eden F., 250 Conn. 674, 695, 741 A.2d 873 (1999); Jones Destruction, Inc. v. Upjohn, 161 Conn. 191, 195, 286 AJM 308 (1971); and Demurest v. Zoning Commission, 134 Conn. 572, 576, *232 59 A.2d 293 (1948). Thus, defendant concludes, “Because the [Dram Shop] statute is plain and explicit as to its retroactivity, it is unnecessary to devine the presumed intent of the legislature ...” Objection to Plaintiffs’ Motion to Strike Special Defenses, p. 10.
Unfortunately, the issue of whether the Dram Shop Act can be applied to the Plaintiffs’ case is not so easily resolved for several reasons. First, there is a pending judicial action here that would be affected by the retroactive application of Section 3-252. Only two of the decisions on which the defendant relies to support the retroactive application of Section 3-252 involved a pending action. In Jones Destruction supra, the Supreme Court analyzed the problems of applying a statute retroactively to pending cases and found “Hence the conclusion is inescapable that the statute should not be construed retroactive to pending actions such as the one here in issue.” Id. at 197. In Demurest, supra, the Supreme Court concluded that: “The legislature certainly could not have intended that the 1947 act should apply broadly to pending proceedings”... Id. at 576, 59 A.2d 293.
The importance of whether a pending action would be affected by retroactivity was discussed by the Connecticut Supreme Court in Loew’s Enterprises v. International Alliance of Theatrical Stage Emp., 127 Conn. 415, 418-419, 17 A.2d 525 (1941). “The basis of the presumed intention that statutes affecting substantive rights shall not apply to pending actions is no doubt the injustice of changing the grounds upon which an action may be maintained after it has been brought.” Accord, Reese v. Reese, 136 Conn. 191, 194-195, 70 A.2d 123 (1949)
The Connecticut decisions that so strongly oppose finding legislative intent to apply a statute retroactively to pending cases, however, differ from the one before this Court. Here, unlike those cases, the Dram Shop Act explicitly provides “The provisions of this section shall be applied retroactively ...”
Nevertheless, the use of the word “retroactively” is not unambiguous and leaves open the issue of whether the Tribal Council intended this retroactivity to apply to actions already pending based on prior law.
The Connecticut cases are legion that a statute affecting substantive rights should be applied retroactively only when “... the legislature clearly and unequivocally expresses its intent that the legislation shall apply retrospectively ...” In Re Eden F., supra, at 696, 741 A.2d 873; Hall v. Gilbert & Bennett Mfg. Co., 241 Conn. 282, 304-05, 695 A.2d 1051 (1997); Accord, Colonial Penn Ins. Co. v. Bryant, 245 Conn. 710, 718-719, 714 A.2d 1209 (1998); In Re Daniel H., 237 Conn. 364, 372, 678 A.2d 462 (1996); Bayusik v. Nationwide Mutual Ins. Co., 233 Conn. 474, 483-484, 659 A.2d 1188 (1995)
In view of the strong presumption against applying a statute retroactively to pending cases and the requirements that a legislative body “clearly and unequivocally” expresses its intent for retroactive application, this Court finds the retroactive application of the Dram Shop Act does not apply to pending cases.[1]
Additionally, the plaintiffs argue that the Dram Shop Act cannot be applied retroactively to their ease based on “the very plain language of the MTC [Mohegan Tort Code], itself. Within Chapter 3, Article 4 *233 of the MTC, § 3-242 establishes the effective date of all associated sections within Article 4.” (Plaintiffs’ Reply, p. 10). Section 3-242 provides: “The effective date of this Article shall be March 25, 2009 (hereinafter the ‘effective date’). Its provisions shall apply to all claims that have accrued on or after the effective date.” It is plaintiffs’ position that because Section 3-252, the Dram Shop Act, is a provision within the Tort Code, it can be retroactive only to March 25, 2009. Because plaintiffs’ cause of action for negligence accrued at the time of the collision on March 7, 2009, prior to the effective date of the Tort Code, Section 3-252 cannot be applied to this cause of action in spite of its “retroac-tivity.” There is substantial merit to plaintiffs’ reasoning.
The plaintiffs’ Motion to Strike the Second Special Defense is granted.
C. The Third Special Defense. Failure to State a Cause of Action
Plaintiffs maintain that the Third Special Defense must be stricken because it asserts only that plaintiffs have failed to state a cause of action for which relief can he granted, unsupported by any factual allegations in violation of the Mohegan Rules of Civil Procedure and the Connecticut Practice Book. MRCP § 23(d) requires that “[n]o facts may be proved under either a general or special denial except such as to show that the plaintiffs statements of facts are untrue. Facts consistent with such statements but which show that the plaintiff has no cause of action must be specially alleged.” Connecticut Practice Book § 10-1 provides that “[efech pleading shall contain a plain and concise statement of the material facts on which the pleader relies.”
Relying on Scan Assocs. v. Civiteilo Bldg. Co., 1994 Conn.Super., LEXIS 178 (Conn.Sup.Ct., Jan. 24, 1994, Hodgson, J), the defendant submits that a special defense challenging the sufficiency of a complaint is valid without specific facts in support of that challenge. Plaintiffs respond: “Connecticut courts are, at best, divided as to the rationale utilized in Scan. In fact, a number of Connecticut courts have specifically rejected the holding in Scan.” Plaintiffs’ Reply, p. 12-13. There is, indeed, a split of authority among Connecticut courts as to whether a simple statement that a complaint fails to allege a cause of action is a sufficient special defense. Moreover, there is no clear appellate authority on the issue.
In Scan, the court, relying on the Supreme Court’s decision in Robert S. Weiss & Associates, Inc. v. Wiederlight, 208 Conn. 525, 546 A.2d 216 (1988), determined that where a plaintiff has failed to allege a cognizable cause of action “ ‘. it is not the burden of the defendant to attempt to correct the deficiency either by motion to strike or otherwise Id. quoting from Weiss, supra, 208 Conn, at 535, n. 5, 546 A.2d 216 Accordingly, the court denied a motion to strike the special defense that, like the instant special defense, averred only: “The plaintiffs complaint does not state a cause of action upon which relief can be granted.” Id. at 1. Accord Bellini v. Patterson Oil Co., 2011 WL 4908860 (Conn.Sup.Ct., Sept. 28, 2011, Roche, J); D’Amico v. Ace Financial Solutions, 2009 WL 3645717 (Conn.Sup.Ct., Oct. 13, 2009, Levine, J); Rosario v. Sikorsky Aircraft, 2010 WL 5645886, (Dec. 28, 2010, Dooley, J); Stack v. Harlev Davidson, (Conn. Sup. Ct, Danbury, Oct. 2, 1996, CV 323389, Moraghan, J); Torres v. Melody, (Conn. Sup.Ct. New London. CV 098768, Dec. 7, 1995, Levine, J); Janowicz v. Melody, (Conn.Sup.Ct, Norwalk, Stamford, CV 138678, March 15,1995, Lewis, J).
On the other hand, there are Connecticut cases rejecting the reasoning in Scan *234 and finding a special defense to be a defective pleading where it alleges a conclusion without facts to support it. “This Court believes that our rules of pleading hold defendants to the same standard of definiteness with respect to special defense that plaintiffs are held to in their complaints.” Pozoukidis v. City of Bridgeport, 1998 WL 70646 (Conn.Sup.Ct., Feb. 13, 1998, Moltolese, J.); Accord, Cluney v. Regi School Disk No. 13, 2000 WL 1007351 (Conn.Sup,Ct., June 19, 2000, Gordon, J.). See also, Samuels v. State Dept. of Public Health, 2010 WL 5188490, Conn. 4, note 2 (Conn.Sup.Ct., Dec, 1, 2010, Wilson, J.)
In the pending case, this Court finds the reasoning in the Scan decision to be more persuasive. As the defendant notes, its special defense is no more than: “under Connecticut law or the Law of the Gaming Disputes Trial Court, the plaintiff cannot sustain its cause of action as a matter of law.” (Defendant’s Objection to Motion to Strike Special Defenses, p. 12) In other words, the defendant is accepting as accurate the allegations in the Complaint and relies entirely on the facts alleged in the Complaint as its defense. The allegations in the Complaint must stand or fall on their own, without the need for any further factual allegations supplied by the defendant. Stated yet another way, there are no additional facts for the defendant to plead in its special defense. See, Central Connecticut Acoustics, Inc. v. New York-Connecticut Development Corp., (Conn. Sup.Ct., New Haven, CV 106011417, 2011 WL 1734440, April 11, 2011, Woods, J.).
Accordingly, the Motion to Strike the Third Special Defense is denied.
D. The Fourth Special Defense. The Plaintiff Claims Are Time Barred
The MTGA asserts in its Fourth Special Defense that plaintiffs’ claims are time-barred by the one year statute of limitations in Section 3-246 in the Tort Code. Plaintiffs respond that they: “.,. are puzzled as to how the Defendant can assert this Special Defense because this Complaint was filed within one year of the collision that killed Plaintiffs’ decedent.” Plaintiffs’ Memorandum of Law in Support of Motion to Strike Special Defenses, p. 17-18.
The MTGA fails to address this Fourth Special Defense in its Objections to Plaintiffs’ Motion to Strike Special Defenses. At oral argument on the Motion to Strike Special Defenses, counsel for the MTGA said the statute of limitations Special Defense was addressed to all of the claims that were added in the amended complaint which was filed beyond one year: “... there was a claim of recklessness which was not part of the original timely filed complaint” Transcript of Oral Argument, April 12, 2007, p. 19.
Although this issue was never briefed as counsel for plaintiffs correctly notes, it does appear, on its face, to be a proper claim for inclusion in a Special Defense.
Therefore, plaintiffs’ Motion to Strike the Fourth Special Defense is denied.
CONCLUSION
For the reasons set forth above, the Plaintiffs’ Motion to Strike Special Defenses is granted as to the Second Special Defense and denied with respect to the First, Third, and Fourth Special Defenses.

. In Reese v. Reese, supra at 195, 70 A,2d 123, the Court, in finding that the statute at issue did not apply to pending cases noted that in another domestic relations statute where the legislature intended it to apply to pending actions, it expressly stated so.