THE BROOKS BANK & TRUST COMPANY, GUARDIAN, *vs.* CHARLES RORABACHER, ADMINISTRATOR (ESTATE OF MARTHA ALLDIS).

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 6th—decided March 6th, 1934.

*David Cramer,* for the appellant.

*Charles P. Roraback,* for the appellee.

HINMAN, J. The facts stipulated for the purposes of this reservation are as follows: On December 26th, 1870, James Alldis of Torrington, by an agreement approved by the Court of Probate, adopted John Francis Prentice, a minor, who thereafter went by the name of J. Frank Alldis. The adoption agreement provided "that the said child shall have the same rights as to property and inheritance that he would have if he were his [James Alldis'] own legitimate child." James Alldis died March 13th, 1910; J. Frank Alldis died February 27th, 1923, leaving two children

surviving, Catherine Alldis Carothers and Mary Alldis Javery, as his only heirs at law. Mrs. Carothers died August 26th, 1929, leaving a child, and Mrs. Javery died January 14th, 1930, leaving a daughter, Mary Lucretia Javery, her only heir at law, of whose estate the appellant, The Brooks Bank & Trust Company, is guardian. The guardian claims that Mary Lucretia Javery, by virtue of the adoption a great granddaughter of James Alldis, is entitled to inherit from the estate of Martha Alldis, sister of James, and the child of Catherine Carothers also claims the same rights. Charles Rorabacher, individually and as administrator of the estate of Martha Alldis, and her other blood relatives, claim that Mary Lucretia Javery and the child of Catherine Carothers are not so entitled. The Court of Probate decreed that said children were not entitled to inherit from the estate of Martha Alldis, from which decree The Brooks Bank & Trust Company, as guardian, took an appeal. The questions upon which advice is desired are: (1) whether the law in effect at the date of the approval of the adoption agreement or that in effect at the date of the death of Martha Alldis controls the rights of inheritance, and (2) whether the grandchildren of J. Frank Alldis (who are the great grandchildren of James Alldis, adoptive parent of J. Frank Alldis) are entitled to inherit from the estate of Martha Alldis, sister of James.

The right of adoption was not embodied in the common law of England or of those of the United States in which that common law was followed, but in 1846 the States began to enact statutes for the purpose of establishing, between a minor and one not his parent, legal obligations and duties attached to the natural relation of parent and child and conferring upon the person so adopted a capacity of succeeding to the

property of his adopting parent or parents. *Woodward's Appeal,* 81 Conn. 152, 162, 164, 70 Atl. 453. In 1864 (Public Acts, Chap. 85) a Connecticut statute was passed providing that the parent or guardian of any child under the age of fourteen years, or of any minor child over fourteen, with his written assent, might by written agreement "give in adoption such child [or minor] to any person" and that, upon approval of the agreement by the Court of Probate on prescribed notice and hearing, "such child, by such adoption, shall thereupon, to all intents and purposes, become the legal child of the person by whom it shall be so adopted; and the person so adopting such child shall, to all intents and purposes, become the legal parent of the same, with all rights and duties subsisting between them, belonging and incident to a legitimate parent and child by blood relationship, except as may have been otherwise stipulated in the written agreement aforesaid; and provided, that such child shall only inherit estate from the person of the adopting parent." The provision just quoted was preserved verbatim in the 1866 Revision of the General Statutes (Title 13, Chap. 4, §§ 53, 54) except for the substitution of "but" for "and provided that," and was in effect at the date of adoption in the present case, December 26th, 1870. In the Revision of 1875 (Title 14, Chap. 4, § 2) the provision that "such child shall only inherit estate from the person of the adopting parent" is changed to "such child shall not, by virtue of such adoption, inherit estate, except from the adopting parent." In an Act revising and compiling the probate laws (Public Acts, 1885, Chap. 110) the provision concerning rights of inheritance of an adopted child was amended (p. 485, § 66) to read as follows: "Such child by virtue of such adoption shall inherit estate from its adopting parents or their rela-

tives, the same as though it was the natural child of such adopting parents, and shall not inherit estate from its natural parents or their relatives; . . ." This has since remained unchanged, appearing in § 472, General Statutes, 1888; § 234, General Statutes, 1902; § 4879, General Statutes, 1918; § 4810, General Statutes, 1930, and in that form was in effect both at the death of the adopting parent, James Alldis, in 1910, and at the death of his sister Martha in 1930.

The appellant argues that, even under the law in effect at the date of adoption (1870), the adopted child, J. Frank Alldis, and through him his children and grandchildren, would have a right of inheritance not only from the adopting parent but also from his collateral relatives. We are unable to adopt that contention. A right to inherit, through an adopting parent, from collateral kin of the latter is not to be readily implied from the relation and is to be recognized only if expressly conferred. A stranger to the adoption proceedings who has never recognized the existence of the artificial relation created thereby should not have his property diverted from the natural course of descent without a clear expression of such intent. *Kettell* v. *Baxter,* 100 N. Y. Sup. 529; *Hockaday* v. *Lynn,* 200 Mo. 456, 98 S. W. 585; 38 A. L. R. 8; 1 R. C. L. 621. The provision in our Act of 1864, that an adopted child "shall only inherit estate from the person of the adopting parent," clearly evinces an intent to exclude a right of inheritance from relatives of such adopting parent.

It is equally plain, and the appellee concedes, that the intent and effect of the 1885 amendment was to so extend the rights of an adopted child as to include inheritance from a collateral relative of the adopting parent. As was said in *Estate of Bradley,* 185 Wis. 393, 403, 201 N. W. 973, of a New Hampshire statute

providing that an adopted child "shall bear the same relation to his adopting parents and their kindred in respect to the inheritance of property . . . as he would if he were the natural child of such parents," there can be no doubt concerning the legislative intent from the language there employed.

Therefore, the inquiry decisive of this reservation is whether the right of inheritance by or through J. Frank Alldis is governed by the statute in effect when he was adopted by James in 1870 or by that prevailing at the death of James, the adopting parent, in 1910, and of his sister, the intestate, in 1930. As to this it appears to be well settled that the right of an adopted child or his heirs to inherit from an adoptive parent and, as well, from relatives of such parent, is to be determined by the law in force at the time of the death of the person from whom inheritance is claimed. The right of adoption is created and exists by statute defining the legal rights and relations of the foster parent or parents and the adopted child, and that statute must be read in connection with the provisions of the laws governing the distribution of estates of decedents. "As no right of inheritance or succession could arise prior to the death of the intestate, and the legislature was empowered at any time to repeal or amend the statute, the law in force at the time of the death of the intestate is controlling." *Carpenter* v. *Buffalo General Electric Co.,* 213 N. Y. 101, 104, 106 N. E. 1026; *In re Gallaudets' Estates,* 238 N. Y. Sup. 259, 261; *Gilliam* v. *Guaranty Trust Co.,* 186 N. Y. 127, 78 N. E. 697; *Dodin* v. *Dodin,* 44 N. Y. Sup. 800, affirmed 162 N. Y. 635, 57 N. E. 1108; *Sorensen* v. *Rasmussen,* 114 Minn. 324, 131 N. W. 325, 35 L. R. A. (N. S.) 216; *Appeal of Latham,* 124 Me. 120, 126 Atl. 626; *Ballard* v. *Ward,* 89 Pa. St. 358; 1 R. C. L. 618; 1 C. J. 1400.

*Sorensen* v. *Rasmussen, supra,* involved the construction and application of a statute, adopted in 1905, the first section of which, as in the present instance, defined the procedure for adoption substantially as it had existed theretofore, but then provided that "by virtue of such adoption, [the child] shall inherit from his adopting parents or their relatives the same as though he were the legitimate child of such parents. . . ." Thereby the right, previously existing, to adopt a child without giving it the status of heir of the adoptive parents, was taken away. The question presented was whether the 1905 law applied to children adopted by Rasmussen and his wife previous to its enactment. It was observed that the considerations of public policy evidenced by the Act would apply equally to children adopted before and after its passage, and it was held that it "must be construed to be a general provision applying to all adopted children, without reference to the time of their adoption. The wording of the law harmonizes with this view of its meaning. It applies to a class, and no restrictive terms limit its application to a part of the class. The phrase 'by virtue of such adoption' refers generally to statutory adoption, and has no reference to any special manner or method of adoption as provided for in the preceding sections . . . for such provisions are substantially the same as those in the [prior] statute. This section and the related sections constitute the entire law on the subject of adoption as embodied in the revision. No other provision as to the heirship of adopted children is carried into the Revised Statutes. It is not to be assumed, without some substantial basis therefor, that it was intended that the law defining the status of all then existing adopted children was to be found in the different statutes passed in prior years, and that the

Revised Statutes, when passed, should contain the law applicable only to the status of such children as might thereafter be adopted. Nor should it be inferred, without something in the statute or existing conditions clearly indicating such meaning, that the legislature intended that different rules as to heirship should apply to different individuals within the class of adopted children. It is urged that to apply this statute to all adopted children makes it retrospective, and that such construction should not be given the law unless it clearly appears that it was so intended by the enacting body. We do not think this statute falls within the class of laws to which this rule of construction contended for by appellant is frequently and properly applied. This statute does not give to past acts a new effect upon mutual rights or liabilities. Nor does it change or affect existing rights. Rights by inheritance in an estate do not accrue until the death of the owner intestate. A law providing for the future descent of property is prospective. The statute in question, at its passage, related to future inheritances by adopted children. It conferred or took away no present right. A law of inheritance making a change in the prior law as to adopted children—a numerous, permanent, existing class of persons—does not differ in principle from a law making a change in the rules of inheritance of property by force of the relationship of husband and wife or through the relationship between other classes, and no different rule of construction of a statute effecting such change is required."

In *Dodin* v. *Dodin, supra,* it is stated (p. 803): "The adoption pursuant to the Act of 1873 created the relation of parent and child. . . . This being the existing relation between them, the status of the child in respect to her inheritable capacity was distinct from and

independent of the act of adoption, and was subject to legislative control. The endowing her with the former by a later statute had no effect upon the act of adoption. It merely modified the law of descent as applied to children before then adopted, as well as to those who should thereafter be placed in that relation. . . . 'The effect and operation of the act in question, then, is prospective, not retrospective.' "

While most of the cases relate to the effect of successive statutes upon rights of inheritance from adopting parents, there is no ground for any different rule as to application of statutes clearly conferring rights of inheritance from relatives of such parents. In *Hopkins* v. *Hopkins,* 195 N. Y. Sup. 605, it was held that the right of an adopted child as heir of his adoptive father's brother was to be determined by the law in force at the time of the brother's death.

The foregoing considerations require that the answers to the questions reserved be (1) that the statute in effect at the date of death of Martha Alldis controls the rights of inheritance and, in consequence, (2) that the grandchildren of J. Frank Alldis are entitled to inherit from Martha Alldis' estate.

No costs in this court will be taxed.

In this opinion the other judges concurred.