JOHN F. NAGLE, ADMINISTRATOR (ESTATE OF RUSSELL R. RICHARDS) *v.* WILLIAM H. WOOD, JR. ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued April 4—decision released June 26, 1979

*Austin Carey, Jr.*, for the named defendant.

*Richard A. Schatz*, for the defendants Russell A. Richards and Helyn P. Richards.

LOISELLE, J. This case is before the court by virtue of a reservation upon stipulation from the Superior Court. The specific questions reserved are detailed below, but the essential issues are the constitutionality of General Statutes § 45-274 as interpreted by our case law and the effect of the amendment to the statute which became operative on October 1, 1978.[1]

The issues presented arose in an accounting proceeding in the Probate Court for the district of Hartford. On April 12, 1977, the plaintiff administrator of the decedent Russell R. Richards' estate exhibited his final account, applied for an ascertain-

---

[1] The questions upon which advice was requested are as follows:

"(a) Upon the foregoing facts, are Robert R. Richards and Kelley Ann Richards the "children" of the decedent, Russell R. Richards, within the meaning of Section 45-274 of the Connecticut General Statutes, and therefore his sole heirs at law?

"(b) If the answer to question (a) is 'no', do the provisions of Section 45-274 therefore deny to Robert R. Richards and Kelley Ann Richards equal protection of the law, in violation of the Fourteenth Amendment to the United States Constitution?

"(c) If the answer to question (a) is 'no', do the provisions of Section 45-274 therefore deny to Robert R. Richards and Kelley Ann Richards equal protection of the law, in violation of Section 20 of Article I of the Connecticut Constitution?

"(d) If the answers to questions (a), (b) and (c) are 'no', are defendants, Russell A. Richards and Helyn P. Richards, the decedent's sole heirs at law, under the provision of Section 45-276?"

ment of heirs and distributees, and an order of distribution. Russell R. Richards died intestate February 13, 1976, leaving no surviving spouse. He was, however, survived by his parents and two young children, whose mother, Frances Richards, also know as Frances Coleman, the decedent had never married.

During his lifetime, the decedent, Frances Richards and the children lived together as a family unit; the decedent acknowledged paternity of the children; he was named as their father on their birth certificates; and he claimed them as dependents on his federal income tax return.

On June 24, 1977, the Probate Court, after a hearing on the administrator's application for an order of distribution, issued a decree expressing its inability to determine the proper heirs and distributees in face of the apparent conflict between General Statutes § 45-274 and the opinion of the United States Supreme Court in *Trimble* v. *Gordon,* 430 U.S. 762, 97 S. Ct. 1459, 52 L. Ed. 2d 31 (1977).

At the time of the decedent's death, General Statutes § 45-274 provided that after distribution of a spouse's share the residue shall be distributed in equal shares to children. It also provided that "[c]hildren born before marriage whose parents afterwards intermarry shall be deemed legitimate and inherit equally with other children." [2]

---

[2] "[General Statutes] Sec. 45-274. DISTRIBUTION TO SPOUSE AND CHILDREN. After distribution has been made to the husband or wife of the intestate of such portion or share of the estate of the intestate as such husband or wife is entitled to by law, all the residue of the real and personal estate shall be distributed in equal proportions, according to its value at the time of distribution, among the children and the legal representatives of any of them who may be dead, except

An examination of the interpretation of § 45-274 and its forerunners reveals that the word "children" as used in § 45-274 embraces a mother's illegitimate as well as legitimate children, i.e., illegitimate children can inherit from the mother's estate. Under the English common law, an illegitimate child could not inherit from either parent. See 1 Swift, Digest pp. 47–48. In *Heath* v. *White,* 5 Conn. 228 (1824), it was held that an illegitimate child could inherit real estate from his mother. In *Eaton* v. *Eaton,* 88 Conn. 269, 91 A. 191 (1914), this court stated (p. 281): "The significant feature of our cases is that the right of an illegitimate to inherit, his status in the matter of settlement, and the obligations which are recognized as upon him as respects his mother, are derived solely from a recognition of the existence of the relation of parent and child between mother and her offspring, 'agreeable,' as our first reported case says, 'to the law of nature and reason.' *Canaan* v. *Salisbury,* 1 Root 155, 156." *Eaton* made reference to *Dickinson's Appeal,* 42 Conn. 491 (1875), where the general subject of the status of illegitimate children was there given exhaustive consideration. The court in *Dickinson* stated (p. 506) that when the statute mentions child or children it means "legitimate child and legitimate children just as positively as if the term 'legitimate' was prefixed" except that where the mother was concerned, it comprehended her illegitimate children as well. See also *State* v. *Wolfe,* 156 Conn. 199, 204, 239 A.2d 509 (1968). However

that children or other descendants who receive estate by advancement of the intestate in his lifetime shall themselves or their representatives have only so much of the estate as will, together with such advancement, make their share equal to what they would have been entitled to receive had no such advancement been made. Children born before marriage whose parents afterwards intermarry shall be deemed legitimate and inherit equally with other children."

undisputed the evidence of paternity, an illegitimate child could not inherit from his intestate father until 1876 when the predecessor of § 45-274 was amended to provide for legitimatizing the child through his parent's subsequent marriage. *Moore* v. *Saxton,* 90 Conn. 164, 168, 96 A. 960 (1916); *Dickinson's Appeal,* supra, 506.

The terms of General Statutes § 45-274, interpreted with the aid of our case law, bar the illegitimate children of Russell R. Richards from inheritance from their father's intestate estate.

## I

In 1977, the Supreme Court of the United States in *Trimble* v. *Gordon,* 430 U.S. 762, 97 S. Ct. 1459, 52 L. Ed. 2d 31 (1977), considered an Illinois statute,[3] similar to General Statutes § 45-274, which provided that an illegitimate child could inherit from his father's intestate estate only if his parents intermarried and the father acknowledged his paternity. In support of the statute, the state contended that it had two purposes: (1) encouraging family relationships and (2) the establishment of an accurate and efficient method of disposing of property at death. The United States Supreme Court rejected the argument that sanctions upon illegitimate children would influence legitimate family relationships, but it recognized that the state's interest in establishing a method of property dis-

---

[3] "An illegitimate child is heir of its mother and of any maternal ancestor, and of any person from whom its mother might have inherited, if living; and the lawful issue of an illegitimate person shall represent such person and take, by descent, any estate which the parent would have taken, if living. An illegitimate child whose parents intermarry and who is acknowledged by the father as the father's child shall be considered legitimate." Ill. Rev. Stat. c.3, § 12 (1973).

position was substantial. The court noted that the problem of proving paternity might justify a more demanding standard for illegitimate children claiming under their father's estate than that required of illegitimate children claiming under their mother's estate, or for legitimate children. The court concluded, however, that the Illinois statute was constitutionally defective because it failed to consider that the inheritance rights of some illegitimate children could be recognized without jeopardizing the orderly settlement of estates or the dependability of titles passing under intestacy. This unnecessary exclusion of illegitimate children violated the equal protection clause of the United States constitution.

In 1978, the Supreme Court of the United States again considered this same issue in *Lalli* v. *Lalli*, 439 U.S. 259, 99 S. Ct. 518, 58 L. Ed. 2d 503 (1978). A New York statute allowed an illegitimate child to inherit from the intestate estate of a father if a court of competent jurisdiction had entered an order declaring paternity. That statute was held not to violate the equal protection clause of the United States constitution on the basis that it was a valid and considered legislative judgment to grant illegitimate children "in so far as practicable" rights of inheritance on par with those enjoyed by legitimate children while protecting the important state interests in the just and orderly disposition of decedents' estates. The court found that the New York statute was clearly distinguishable from the statute in *Trimble* because it did not make the marriage of the parents "an absolute precondition to inheritance"; id., 510; it barred inheritance only if there was a failure to secure evidence of paternity during the father's lifetime in the manner prescribed by the

statute. This requirement was found not inevitably to disqualify an unnecessarily large number of children born out of wedlock.

Using the standards laid down in both *Trimble* and *Lalli*,[4] it can only be concluded that General Statutes § 45-274, which required the subsequent marriage of the parents, at the time of Russell R. Richards' death, violated the equal protection clauses of both the United States and Connecticut constitutions.

## II

The parents of Russell R. Richards claim that the amendment to the statute effective October 1, 1978, has retrospective effect[5] and that the amendment does meet all of the objections which the Supreme Court of the United States found in *Trimble* and that the amendment is a more liberal consideration of illegitimates than that which was found constitutional in *Lalli*.

General Statutes § 55-3 provides as follows: "No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect." The "obligations" referred to in the statute are those of substantive law. *Little* v. *Ives*, 158 Conn.

---

[4] The recent United States Supreme Court case of *Parham* v. *Hughes*, 441 U.S. 347, 99 S. Ct. 1742, 60 L. Ed. 2d 269 (1979), has no bearing on the case at bar because it deals with the rights of putative fathers rather than illegitimate children. "The justifications for judicial sensitivity to the constitutionality of differing legislative treatment of legitimate and illegitimate children are simply absent when a classification affects only the fathers of deceased illegitimate children." Id., 353.

[5] This is so by virtue of General Statutes § 55-3.

452, 457, 262 A.2d 174 (1969); *Carvette* v. *Marion Power Shovel Co.,* 157 Conn. 92, 97, 249 A.2d 58 (1968).

The 1978 amendment to General Statutes § 45-274 creates rights of inheritance that did not previously exist.[6] "A law providing for the future descent of property is prospective." *Brooks Bank & Trust Co.* v. *Rorabacher,* 118 Conn. 202, 209, 171 A. 655 (1934). The amendment in question, at its passage, related to future inheritances by illegitimate children and it conferred or took away no present right. There is a general presumption that a statute affecting substantive rights is intended to apply prospectively only. *East Village Associates, Inc.* v. *Monroe,* 173

[6] "[General Statutes] Sec. 45-274. DISTRIBUTION TO SPOUSE AND CHILDREN. CHILDREN BORN OUT OF WEDLOCK MAY INHERIT. (a) After distribution has been made to the husband or wife of the intestate of such portion or share of the estate of the intestate as such husband or wife is entitled to by law, all the residue of the real and personal estate shall be distributed in equal proportions, according to its value at the time of distribution, among the children and the legal representatives of any of them who may be dead, except that children or other descendants who receive estate by advancement of the intestate in his lifetime shall themselves or their representatives have only so much of the estate as will, together with such advancement, make their share equal to what they would have been entitled to receive had no such advancement been made.

"(b) (1) Children born before marriage whose parents afterwards intermarry shall be deemed legitimate and inherit equally with other children. (2) A child born out of wedlock shall inherit from (A) his or her mother and (B) his or her father, provided such father (i) has been adjudicated the father of such child by a court of competent jurisdiction, or (ii) has acknowledged under oath in writing to be the father of such child.

"(c) For the purposes of this section (1) issue shall include children born out of wedlock and the issue of such children provided both the child born out of wedlock and any of such issue qualify for inheritance under this section; (2) legal representatives shall include legal representatives of children born out of wedlock, provided both the child born out of wedlock through whom such legal representatives inherit and the legal representatives qualify for inheritance under this section."

Conn. 328, 331, 377 A.2d 1092 (1977); *Little* v. *Ives, supra,* 457. "Statutes should be construed retrospectively only when the mandate of the legislature is imperative." *Michaud* v. *Fitzryk,* 148 Conn. 447, 449, 171 A.2d 397 (1961). There is nothing in the amendment which indicates a clear legislative intent that the substantive changes created by the amendment would have a retrospective effect. See *Sherry H.* v. *Probate Court,* 177 Conn. 93, 100, 411 A.2d 931 (1979). The conclusion is inescapable that the statute is prospective only. This being so, it had no effect on General Statutes § 45-274 as it was at the time of Russell R. Richards' death in 1976, which is when rights of inheritance of the parties to this case occurred. *Brooks Bank & Trust Co.* v. *Rorabacher, supra,* 209.

The answer to the first question is "no"; Kelley and Robert Richards are not the "children" of Russell R. Richards within the meaning of General Statutes § 45-274.

The answer to both the second and third questions is "yes"; the provisions of General Statutes § 45-274 as applied to Robert and Kelley Ann Richards violate the equal protection clause of both the United States and Connecticut constitutions.

The answer to the fourth question as propounded need not be answered.

No costs will be taxed to any party.

In this opinion the other judges concurred.