[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION OF DEFENDANT TO STRIKE (#101)
The following facts are alleged in the complaint. The plaintiff, Middlesex Hospital, provided medical services to six indigent residents of the defendant Town of East Hampton. The plaintiff alleges that the defendant is liable to the plaintiff pursuant to the provisions of General Statutes 17-273 and 17-274 for the costs of medical services supplied to these indigent patients.
The defendant now moves to strike the complaint on the ground that the plaintiff failed to exhaust its administrative remedies because the plaintiff failed to refer the fee disputes alleged in the complaint to the Commissioner of Income Maintenance pursuant to General Statutes 17-292(c).
 "`"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court obtains jurisdiction in the matter. Connecticut Life 
Health Ins. Guaranty Assn. v. Jackson, 173 Conn. 352, 358-59, 377 A.2d 1099 (1977). . . ."' Cummings v. Tripp, 204 Conn. 67, 75, 527 A.2d 1230 (1987)." Greater Bridgeport Transit District v. Local Union 1336, 211 Conn. 436, 438, 559 A.2d 672 (1988). "We have frequently held that where a statute has established a procedure to redress a particular wrong a person must follow the specified remedy and may not institute a proceeding that might have been permissible in the absence of such a statutory procedure." Norwich v. Lebanon, 200 Conn. 697, 708, 513 A.2d 77
(1986). "[T]he exhaustion doctrine implicates subject matter jurisdiction. . . ." Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 556, 529 A.2d 666 (1987).
Cannata v. Department of Environmental Protection, 215 Conn. 616
622-23, 577 A.2d 1017 (1990).
Although the defendant's motion is styled as a motion to strike, because a motion to dismiss on the ground of a lack of subject matter jurisdiction may be pled at any time; Stroiney v. Crescent Lake Tax District 205 Conn. 290, 294, 533 A.2d 208
CT Page 7745 (1987); the court treats the present motion as a motion to dismiss for the sake of judicial economy.
General Statutes (Rev. to 1991) 17-273(a) provides, in pertinent part, "[e]ach person who has not estate sufficient for his support, and has no relatives of sufficient ability who are obliged by law to support him, shall be provided for and supported at the expense of the town in which he resides, except as otherwise provided in this section. . . ."
General Statutes (Rev. to 1991) 17-274 provides, in pertinent part:
 Each town shall provide medically necessary services by one or more competent physicians for all persons receiving general assistance benefits from such town, or eligible to be supported by such town, or unable to pay for the same over a two-year period, when such persons are in need thereof, and each town shall furnish necessary hospitalization, in accordance with section 17-292g, for all such persons . . . .
Prior to the effective date of Public Act 89-187 (1989),
General Statutes 17-292(c) read, in pertinent part, as follows:
 In case of dispute between any such hospital and any such town concerning the town's obligation to pay for the hospitalization of any person receiving medical treatment or being supported and cared for in such hospital, or as to the amount of such obligation, the dispute may be referred to the commissioner of income maintenance.
(Emphasis added.)
Public Act 89-187 (1989), effective July 1, 1990, amended General Statutes 17-292(c) so that the statute now reads as follows:
 In case of dispute between any such hospital and any such town concerning the town's obligation to pay for the hospitalization of any person receiving medical treatment or being supported and cared for in such hospital, or as to the amount of such obligation, the dispute shall be referred to the commissioner of income maintenance. . . . Any party aggrieved by a decision or order issued by the commissioner or his representative pursuant to this subsection may appeal in accordance CT Page 7746 with the provisions of section 4-183.
(Emphasis added.)
The substitution of the word "shall" for the word "may" in the 1989 amendment to General Statutes 17-292(c) changed the nature of the fee dispute referral procedure outlined therein from optional; see Middlesex Memorial Hospital v. Cromwell, 3 CSCR 235, 237 (January 22, 1988, O'Connell, J.); to mandatory. See Builders Service Corporation v. Planning 
Zoning Commission, 208 Conn. 267, 304-305, 545 A.2d 530 (1988). Accordingly, because the fee dispute referral procedure is mandatory in nature, it must be exhausted before an action based on General Statutes 17-273(a) may be brought to the Superior Court.
The plaintiff argues that it need not exhaust the fee dispute referral procedure before bringing an action under General Statutes 17-273 and 17-274 in the Superior Court since the present case involves disputes over fees for patients who were admitted prior to July 1, 1990[1], the effective date of Public Act 89-187. The plaintiff notes that General Statutes 55-3
creates a presumption that no statute shall be given retrospective effect. The plaintiff also notes that the general assistance policy manual of the Department of Income Maintenance, promulgated under the authority of General Statutes 17-3f, provides that for admissions of indigent patients to hospitals before July 1, 1990, the town must go to court to resolve fee disputes and that for admissions of indigent patients to hospitals on or after July 1, 1990, the department will hold administrative hearings to resolve fee disputes.
 [General Statutes] [s]ection 55-3 provides: "No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect." "The `obligations' referred to in the statute are those of substantive law." Nagle v. Wood, 178 Conn. 180, 186, 423 A.2d 875 (1979); see Gormley v. State Employees Retirement Commission, 216 Conn. 523, 529, 582 A.2d 764 (1990). Accordingly, "we have uniformly interpreted 55-3 as a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only." Darak v. Darak, 210 Conn. 462, 467, 556 A.2d 145
(1989). . . . Moreover, although we have presumed that procedural or remedial statutes are intended to apply retroactively absent a clear expression of legislative intent to the contrary; Citizens Against CT Page 7747 Pollution Northwest, Inc. v. Connecticut Siting Council, 217 Conn. 143, 151, 584 A.2d 1183 (1991); "a statute which, in form, provides but a change in remedy but actually brings about changes in substantive rights is not subject to retroactive application." Hunter v. Hunter, 177 Conn. 327, 332, 416 A.2d 1201 (1979). "The rule is one of obvious justice and prevents the assigning of a quality or effect to acts or conduct which they did not have or did not contemplate when they were performed." Union Pacific R.R. Co. v. Laramie Stocke Yards Co., 231 U.S. 190, 199, 34 S.Ct. 101, 58 L.Ed. 179 (1913).
Miano v. Thorne, 218 Conn. 170, 175-76, 588 A.2d 189 (1991); see also Mulrooney v. Wambolt, 215 Conn. 211, 216-17,575 A.2d 996 (1990) (rules of statutory interpretation regarding the prospective or retroactive application of statutory enactments apply equally to amendments).
The 1989 amendment to General Statutes 17-292(c) does not alter the rights enumerated in General Statutes 17-273 and 17-274 but rather merely requires that a plaintiff first look to the Commissioner of Income Maintenance before bringing an action under General Statutes 17-273 and 17-274 in the Superior Court. Moreover, General Statutes 17-292(c) contains no clear expression of legislative intent that the 1989 amendment should be given prospective effect only. Accordingly, the 1989 amendment to General Statutes 17-292(c) is a procedural amendment which is given retroactive effect.
 When construing statutes, this court "often defers to the judgment of administrative agencies that are in charge of enforcing such statutes . . . . Schiefflin Co. v. Department of Liquor Control, 194 Conn. 165, 173-74, 479 A.2d 1191 (1984). . . ." (Citation omitted.) Nichols v. Warren, 209 Conn. 191, 202-203, 550 A.2d 309 (1988). "However, `"the construction of a statute on an issue that has not previously been subjected to judicial scrutiny is a question of law on which an administrative ruling is not entitled to special deference."'" Nichols v. Warren, supra, 203.
 "`The power of an administrative agency to prescribe rules and regulations under a statute is not the power to make law, but only the power to adopt regulations to carry into effect the will of the legislature as expressed by the statute.' Salmon Brook Convalescent Home v. Commission on Hospitals Health Care, 177 Conn. 356, 363, 417 A.2d 358 (1979)." Breen v. Department of Liquor Control, 2 Conn. App. 628, CT Page 7748 635, 481 A.2d 755, cert. granted, 194 Conn. 808, 483 A.2d 1098 (1984) (remanded on motion by Supreme Court without opinion), vacated as moot on remand, 5 Conn. App. 432, 499 A.2d 432 (1985).
Dugas v. Lumbermans Mutual Casualty Co., 22 Conn. App. 27, 38,576 A.2d 165 (1990), rev'd on other grounds, 217 Conn. 631,587 A.2d 415 (1991). Accordingly, the Department of Income Maintenance's general assistance policy manual is not entitled to any special deference in the court's interpretation of the present version of General Statutes 17-292(c).
Because the 1989 amendment to General Statutes 17-292(c) is entitled to be given retroactive effect, the administrative remedy contained therein must be exhausted before the plaintiff may bring a fee dispute action arising under General Statutes 17-273(a) in the Superior Court.
Accordingly judgment is entered hereby dismissing the complaint.
HIGGINS, J,
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk