[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue raised by the plaintiff's motion for summary judgment in this appeal from the Probate Court, which determined that the heirs at law of a deceased minor are his mother and putative father, is whether General Statutes § 45a-438b
is retrospective in application. This court holds that it is not.
Prior to the enactment of General Statutes § 45a-438b in 1991; Public Acts No. 91-109, § 2; our supreme court had held that "under our. . . statutory scheme, a man claiming to be the father of a child must establish his paternity during the CT Page 13228 lifetime of the child if he is to inherit from the estate of the deceased child. " Ganim v. Roberts, 204 Conn. 760, 761
(1987). General Statutes § 45a-438b, entitled "Distribution of intestate estate of child to father where paternity established after death, changes this rule, providing that: "For the purposes of this chapter, the father of a child born out of wedlock shall be considered a parent, provided paternity is established (1) prior to the death of such father by a court of competent jurisdiction or (2) after the death of such father by the probate court, provided paternity established after death is ineffective to qualify the father or his kindred to inherit from or through the child unless itis demonstrated by clear and convincing evidence that thefather has acknowledged in writing that he is the father ofthe child and has openly treated the child as his." (Emphasis added.)
"The determination of whether a statute is retrospective presents a question of legislative intent, and where there is no specific provision to that effect, the question becomes one of presumed intent." Jones Destruction, Inc. v. Upjohn,161 Conn. 191, 195 (1971). Here, Public Act No. 91-109 does not address the question of retrospective application. "General Statutes § 1-1(u) provides that `[t]he passage or repeal of an act shall not affect any action then pending.' [Our appellate courts] have construed that provision to mean that `[s]tatutes should be construed retroactively only when the mandate of the legislature is imperative.' Adamchek v. Board of Education,174 Conn. 366, 369, 387 A.2d 556 (1978), quoting Michaud v.Fitzryk, 148 Conn. 447, 449, 171 A.2d 397 (1961); see NewHaven v. Public Utilities Commission, 165 Conn. 687, 726,345 A.2d 563 (1974); Little v. Ives, 158 Conn. 452, 457,262 A.2d 174 (1969)." Sherry v. Probate Court, 177 Conn. 93, 100,411 A.2d 931 (1979). Thus, "[t]here is a general presumption that a statute affecting substantive rights is intended to apply prospectively only." Nagle v. Wood, 178 Conn. 180, 187,423 A.2d 875 (1979). It is "the accepted principle of statutory construction that a statute affecting substantive rights is to be applied only prospectively unless the legislature clearly and unequivocally expresses its intent that the legislation shall apply retrospectively." Turner v. Turner, 219 Conn. 703,712, 595 A.2d 297 (1991). Moreover, "[a]n enactment cannot be applied retroactively where a vested right intervenes."Rudewicz v. Gagne, 22 Conn. App. 285, 290, 582 A.2d 463
(1990). CT Page 13229
"It is well settled that a person's right of inheritance vests at the moment of the decedent's death; Emanuelson v.Sullivan, 147 Conn. 406, 409, 161 A.2d 788 (1960); and that `although distribution occurs a considerable time thereafter, it relates back to the date of the death as the time when the right of the beneficiary became fixed.' Blodgett v. BridgeportCity Trust Co., 115 Conn. 127, 144, 161 A. 83 (1932)." (Emphasis added.) Bartlett v. Bartlett, 220 Conn. 372, 379,599 A.2d 14 (1991). This rule has been applied to inheritance from an intestate, as here. See Ward v. Ives, 75 Conn. 598,601, 54 A. 730 (1903); Hale's Appeal, 9 Conn. 611, 617,38 A. 392 (1897); Holcomb v. Sherwood, 29 Conn. 418, 420 (1861);Kingsbury v. Scovil, 26 Conn. 349, 352 (1857). Therefore, "[i]t is well settled that a law providing for the future descent of property is prospective. Brooks Bank Trust Co. v.Rorabacher, 118 Conn. 202, 209, 171 A. 655 (1934)." Nagle v.Wood, supra, 178 Conn. 187.
In Whitehead v. Slepian, Superior Court, JD of Fairfield, No. 295512, 8 Conn. L. Rptr. (1993), the court (Driscoll,S.T.R.) held that Public Act No. 91-109 did apply retrospectively. In Whitehead the issue was whether a child could inherit from a putative father as to whom paternity had not been established during the father's life. The court cited testimony of Representative Douglas Mintz who stated on the floor of the House of Representatives: "What this bill does is it clarifies procedures for establishing paternity for inheritance purposes upon the death of the father or a child." General Assembly, Proceedings of the House of Representatives, May 1, 1991. The Whitehead court also stated that "if the statute were not applied retroactively, the result would be to disinherit a child of the decedent because of the failure of the decedent to establish his paternity in the two formal ways set forth in the original statute. The Supreme Court of the United States has held that a total statutory disinheritance of children out of wedlock and not legitimated by the marriage of their parents was unconstitutional. See Trimble v. Gordon,430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977). See alsoReed v. Campbell, 476 U.S. 852, 106 S.Ct. 2234, 90 L.Ed.2d 858
(1986)."
This court declines to follow Whitehead. First, Public Act No. 91-109 § 2 undeniably affected, and changed, substantive rights. Second, the rights which were affected, as CT Page 13230 restated in Bartlett v. Bartlett, supra, 220 Conn. 379, had vested. Third, while "[a]n amendment that merely clarifies statutory language can be considered retroactively in construing the meaning of a statute"; Pac v. Upjohn, 21 Conn. App. 91, 105n. 10, 571 A.2d 160 (1990); section two of the Public Act, which is at issue here, was entirely new. Fourth, Representative Mintz' isolated use of the word "clarifies" is insufficient evidence of the legislature's intent that the legislation apply retrospectively. Alone, it is not the clear and unequivocal expression of legislative intent necessary to overcome the heavy presumption in a case such as this that the Act is to apply prospectively only. Turner v. Turner, supra,219 Conn. 712. Finally, Whitehead is inconsistent with Naglev. Wood, supra, 178 Conn. 186-188. In Nagle v. Wood, the Supreme Court held that, notwithstanding the unconstitutionality of the prior statute under Trimble v.Gordon, supra, 430 U.S. 762, a statutory amendment which for the first time provided that a child could inherit from a parent who had been adjudicated the child's father or who had acknowledged his paternity in writing was not retrospective.
The plaintiff's motion for summary judgment is granted.
By The Court
Bruce L. LevinJudge of the Superior Court