Omar MORRISON, Carli Galasso, and Manuel Toppins, Individually and on behalf of other similarly situated Assistant Store Managers, Plaintiffs,

v.

**OCEAN STATE JOBBERS, INC., Defendant.**

Civil No. 3:09-cv-1285(AWT)

United States District Court, D. Connecticut.

Signed April 15, 2016

Anthony J. Pantuso, III, Erick Ignacio Diaz-Vazquez, Margaret B. Ferron, Richard Eugene Hayber, Hayber Law Firm LLC, Hartford, CT, Shannon Liss-Riordan, Jill Kahn, Lichten & Liss-Riordan, P.C., Boston, MA, Jordan M. Lewis, Kelley Uustal Law Firm, Fort Lauderale, FL, for Plaintiffs.

Michael C. Schmidt, Cozen & O'Connor, New York, NY, Sherwin Morris Yoder, Carmody Torrance Sandak & Hennessey, LLP, New Haven, CT, Jonathan R. Cavalier, Cozen O'Connor, Philadelphia, PA, for Defendant.

## RULING ON PLAINTIFFS' MOTION IN LIMINE

Alvin W. Thompson, United States District Judge

The plaintiffs bring claims in three counts against Ocean State Jobbers, Inc. ("Ocean State"). The first count alleges a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), the second count a claim for unpaid overtime wages under the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31–58 et seq., for Connecticut plaintiffs, and the third count a claim for a violation of the Massachusetts Minimum Fair Wage Law ("MFWL"), Mass. Gen. Laws., ch. 151, §§ 1 to 22, for Massachusetts plaintiffs. There are currently 25 plaintiffs in this case. All 25 plaintiffs have an FLSA claim, 15 plaintiffs have CMWA claims in addition to the FLSA claim, and 3 plaintiffs have MFWL claims in addition to the FLSA claim.

The plaintiffs have filed a motion in limine raising six issues, which is being granted in part and denied in part. The court's reasoning with respect to each of the six issues raised in the motion in limine is set forth below.

## I. Evidence of Morrison's Discrimination Lawsuit Against Ocean State and Unrelated Lawsuits Against Other Employers

Plaintiff Omar Morrison ("Morrison") moves, pursuant to Federal Rules of Evidence 402 and 403, to exclude evidence regarding other litigation between Morrison and Ocean State and evidence of other, prior litigation in which Morrison participated against other employers. Morrison is currently prosecuting a separate lawsuit in state court against Ocean State alleging discrimination and wrongful termination, and he has been a plaintiff in at least two other exemption misclassification FLSA lawsuits against prior employers.

Ocean State recognizes that Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). It contends, however, that the evidence at issue here is admissible because it is admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident." Id.

■ Here, the parties have stipulated that the plaintiffs have established the four elements for the FLSA claim and the elements for the CMWA and MFWL claims. (See Requests for Jury Instructions, submitted as part of the Joint Trial Memorandum, Doc. No. 290, at 44.) The parties have also stipulated that, with respect to Ocean State's contention that the plaintiffs were covered by the "executive exemption," the only element at issue is the second element, i.e., whether the plaintiffs' primary duty was management of the enterprise or of a department or subdivision of the enterprise. None of the factors in Fed. R. Evid. 404(b) that Ocean State points to (e.g., motive, intent, knowledge, etc.) are ones as to which Ocean State has any burden of persuasion with respect to the second element of the executive exemption. In other words, Ocean State does not have to establish any plaintiff's motive, intent, knowledge, etc., as part of proving that the

plaintiffs' primary duty was management of the enterprise or a department or subdivision of the enterprise. Similarly, none of those factors is relevant to the only other contested issues that could be reached in this case, i.e., with respect to the FLSA claim, whether Ocean State acted willfully in misclassifying the plaintiffs as exempt, and with respect to the FLSA claim and the CMWA claims, whether Ocean State acted in good faith and had reasonable grounds for believing that its act or omission was not a violation of the FLSA (a question for the court under the FLSA) and whether Ocean State had a good faith belief that the underpayment of wages was in compliance with law (under the CMWA).

Ocean State also argues that it is proper to introduce evidence of Morrison's discrimination lawsuit so the jury can determine that Morrison was not terminated because of his race but rather, because he failed · to perform management duties. However, Ocean State can introduce testimony and other evidence at trial as to why it terminated Morrison without referring to Morrison's discrimination lawsuit. Ocean State also argues that Morrison's involvement in prior FLSA lawsuits shows that he knew the relevant law but did not complain about being misclassified. However, whether Morrison should have complained about being misclassified is not helpful to the analysis of whether Ocean State willfully violated the FLSA or, with respect to the FLSA and the CMWA, whether it meets the requirements related to good faith under 29 U.S.C. § 260 and Conn. Gen. Stat. § 31–72.

In any event, even if one accepts arguendo the reasons offered by Ocean State as to why such evidence is relevant, the relevance to the contested issues in this case is so attenuated that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice,

namely, portrayal of Morrison as a perpetual litigant, and the danger of confusion of the issues and misleading the jury, i.e., making unclear whether Morrison's claims of discrimination and wrongful termination claims are part of this trial.

Therefore, the motion in limine is being granted with respect to this issue.

## II. Evidence Regarding the Monetary Value of Non-Salary Benefits Provided to ASMs

The plaintiffs seek an order prohibiting Ocean State from introducing any evidence of the monetary value of the fringe benefits it paid to ASMs. The plaintiffs contend that evidence of the monetary value of fringe benefits is irrelevant to the analysis of whether the ASMs' primary duty is management. ·

Ocean State argues that evidence that "the cost of an exempt employee was markedly higher than that of a non-exempt employee[ ] is relevant to Ocean State's defense . . . ." (Def.'s Opp. to Pl.'s Mot. in Limine ("Def.'s Opp."), Doc. No. 306, at 12.) The court agrees.

While the plaintiffs argue that "the FLSA regulations which are used to analyze whether an ASM's primary duty is management expressly limit the inquiry to a comparison between the 'salary' of the allegedly exempt employees and 'wages' paid to other nonexempt employees" (Pls.' Mem in Supp. of Mot. in Limine ("Pls.' Mem."), Doc. No. 303-1, at 6), that argument addresses only one of the non-exclusive factors. As it contends, Ocean State "should be allowed to put in front of the jury the entire cost of and compensation to ASMs so that the jury can engage in its fact-finding role and consider all non-exclusive factors to determine whether management is the ASMs['] primary duty." (Def.'s Opp. at 13) (emphasis in original).

The court agrees with Ocean State that the jury would be entitled to conclude from this type of evidence that "Ocean State does not even have an incentive to misclassify its ASMs ... because of, among other things, the costs to the company in salary and benefits for those that it classified as exempt ASMs." (Id.) (emphasis in original). Such circumstantial evidence is relevant and routinely admitted.

Therefore, the motion in limine is being denied with respect to this issue.

### III. Evidence About the ASM Position in General That Does Not Apply Specifically to the 25 Plaintiffs

The plaintiffs seek an order excluding testimony from Ocean State's witnesses who do not have firsthand knowledge of the primary duty of the 25 plaintiffs, arguing that the central issue in this case is whether Ocean State misclassified the 25 plaintiffs in this case, not ASMs at other stores or ASMs who did not join this case. The plaintiffs also seek an order excluding testimony and other evidence with respect to ASMs who have not joined this case, arguing that such evidence is not relevant to determining whether the primary duty of the 25 plaintiffs was actually management.

■ The court agrees that Ocean State is entitled to offer evidence that, if the plaintiffs "actually spent the majority of their time 'pushing freight,' they did so without the knowledge or blessing of Ocean State and in contravention to Ocean State's expectations." (Def.'s Opp. at 17.) Such evidence is relevant not only to the executive exemption defense raised by Ocean State but also to the issues of willfulness and liquidated damages. Also, as noted by Ocean State, it does not appear that the ASMs the plaintiffs will call as trial witnesses will have firsthand knowl-

edge of the day-to-day activities of the other ASMs either.

Therefore, the motion in limine is being denied with respect to this issue.

### IV. Whether it is Necessary for All Plaintiffs to Testify in Order to Recover on Their Individual State Law Claims

The plaintiffs seek an order that not all plaintiffs with state law claims will need to testify in order to recover on those state law claims. They base their position on their contention that any findings with respect to the FLSA overtime claims of these plaintiffs would have collateral estoppel effect as to their state law claims. The defendant characterizes the plaintiffs' request as follows:

Plaintiffs are also requesting that this Court enable some Plaintiffs in this action to hold Ocean State liable under state law, and to collect (in some instances) double damages against Ocean State, without testifying or providing any evidence to support their individual claims.

(Def.'s Opp. at 18.) The defendant asserts that "[t]o allow Plaintiffs with state law claims to recover without actually proving their claims would deprive Ocean State of a 'full and fair' opportunity to litigate those claims, as it would be deprived of its ability to confront the witnesses against it and be subject to heightened damages under state law without Plaintiffs having established the underlying liability." (Id.)

However, in this case it is undisputed that the elements of the CMWA claims and the MFWL claims, respectively, are encompassed by the elements of the FLSA claim, and it is also undisputed that the plaintiffs have already established the elements of the FLSA claim, the CMWA claims, and the MFWL claims. In addition, it is undisputed that, as a consequence, the

defendant bears the burden, under the FLSA claim and the CMWA claims and the MFWL claims of proving by a preponderance of the evidence that the executive exemption applies. Furthermore, it is undisputed that if Ocean State fails to prove that the executive exemption applies, then to trigger the three-year statute of limitations with respect to the FLSA claim, the plaintiff would have to prove that Ocean State acted willfully. In addition, the court has concluded with respect to the CMWA claims that Ocean State will have the burden of proving that it had a good faith belief that the underpayment of wages was in compliance with the law, and Ocean State would have a substantially similar burden under the FLSA. There would be no such issue to decide with respect to the MFWL claims. There do not appear to be any contested issues with respect to damages, in the event Ocean State is found liable.

 It is well-established that it is proper to use representative evidence to determine liability in an FLSA collective action. See Grochowski v. Phoenix Constr., 318 F.3d 80, 88 (2d Cir.2003) ("[T]he plaintiffs correctly point out that not all employees need testify in order to prove FLSA violations or recoup back-wages, [but] the plaintiffs must present sufficient evidence for the jury to make a reasonable inference as to the number of hours worked by non-testifying employees.") Therefore, even if there were not a stipulation that the plaintiffs have established the elements of their FLSA claim, not all of the plaintiffs would have to testify in order to do so. Once the elements are proven for purposes of the FLSA claim, they are proven for purposes of this trial. Thus, the plaintiffs with CMWA claims and MFWL claims would have provided evidence to support their individual claims, because they would have proven the elements of

their individual claims using representative evidence, which they have the right to do under the FLSA. More importantly, in the context of this particular case, it is undisputed that the elements of those claims have been proven. The plaintiffs have the burden of proving their case by a preponderance of evidence, not the burden of proving their case twice.

The approach urged by Ocean State could lead to the result where a plaintiff establishes by a preponderance of the evidence a particular fact for purposes of an FLSA claim but fails to establish by a preponderance of the evidence the same fact for purposes of a state law claim. Thus, such an approach is inconsistent with the principle that representative evidence can be used to establish liability in an FLSA collective action.

The first issue the jury will have to consider here is whether Ocean State has met its burden of establishing that the executive exemption applies, because by virtue of the parties' stipulation the plaintiffs have met their initial burden here with respect to the FLSA claim, the CMWA claims, and the MFWL claims. If Ocean State does not meet its burden of establishing that the executive exemption applies, then the only remaining question on which the plaintiffs have the burden of proof is willfulness, and the focus there is on Ocean State's conduct and state of mind. The other remaining questions would be whether Ocean State has established that it satisfies the requirements, under the FLSA and the CMWA, for relief from the imposition of liquidated damages. With respect to liquidated damages, the plaintiffs do not have the burden of proof, so they have no burden of producing any evidence.

Thus, the issue is not whether collateral estoppel applies, because issues are not being re-litigated; rather, they are being

litigated in the first instance. Nor is it a situation where, as the defendant argues, the plaintiffs are obtaining the benefits of Rule 23 standards on representational testimony and liability without satisfying the requisite Rule 23 standards, because the case is not proceeding as if it is a class action, but rather, merely as a collective action with respect to the FLSA claim.

Therefore, the motion in limine is being granted with respect to this point.

## V. Burden to Prove Requisite Good Faith Belief Under the CMWA for Purposes of Mandatory Double Damages

An amendment, effective October 1, 2015, to Connecticut General Statutes § 31–72, shifted the burden of proving the requisite good faith belief for the purposes of determining whether the employer can avoid otherwise mandatory double damages, from the plaintiff to the defendant. The parties disagree about whether the current version of § 31–72 is applicable to this case. The court concludes that the current version is applicable.

Prior to October 1, 2015, "the statute provide[d] for a discretionary award of double damages, with costs and reasonable attorneys' fees, to employees who are successful in actions against their employers for wages due." Casuto v. Town of Greenwich, 2015 WL 3651926, at *6, 2015 Conn. Super. LEXIS 1169, at *15–16 (Conn.Super. Ct. May 18, 2015) (internal citation and quotation marks omitted). Under the prior version of the statute, "it [was] well established . . . that it is appropriate for a plaintiff to recover attorneys' fees, and double damages under [§ 31–72], only when the trial court has found that the defendant acted with bad faith, arbitrariness or unreasonableness." Schoonmaker v. Lawrence Brunoli, Inc., 265 Conn. 210, 269, 828 A.2d 64 (2003) (internal citation

and quotation marks omitted). As amended by Public Act 15-86, the statute now provides that the plaintiff "shall recover, in a civil action, (1) twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court, or (2) if the employer establishes that the employer had a good faith belief that the underpayment of wages was in compliance with law, the full amount of such wages or compensation, with costs and such reasonable attorney's fees as may be allowed by the court." Conn. Gen. Stat. § 31–72 (emphasis added).

Connecticut General Statutes § 55–3 provides that "[n]o provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect."

'The "obligations" referred to in the statute are those of substantive law'; Nagle v. Wood, 178 Conn. 180, 186, 423 A.2d 875 (1979); and '[l]egislation which limits or increases statutory liability has generally been held to be substantive in nature.' Little v. Ives, 158 Conn. 452, 457, 262 A.2d 174 (1969). '[W]e have uniformly interpreted § 55–3 as a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only.' Darak v. Darak, 210 Conn. 462, 467, 556 A.2d 145 (1989); Westport v. State, 204 Conn. 212, 219, 527 A.2d 1177 (1987). 'The legislature only rebuts this presumption when it "clearly and unequivocally" expresses its intent that the legislation shall apply retrospectively.' Darak v. Darak, supra, 210 Conn. at 468, 556 A.2d 145; see also State v. Lizotte, 200 Conn. 734, 741, 517 A.2d 610 (1986)." Gormley v. State Employees Retirement Commission, 216 Conn. 523, 529, 582 A.2d 764 (1990).

Fulco v. Norwich Roman Catholic Diocesan Corp., 27 Conn.App. 800, 803–04, 609 A.2d 1034 (1992).

Here, the amendment to § 31–72 did not affect substantive rights. Prior to and after the effective date of Public Act 15–86, a plaintiff could recover double damages and attorney's fees and costs under this statute. What changed was that the burden of proof was shifted from the employee to the employer. This is a "matter[ ] of procedure and does not impose new obligations or affect the substantive rights of the parties." Davis v. Forman Sch., 54 Conn.App. 841, 854–58, 738 A.2d 697 (1999). "While there is no precise definition of either [substantive or procedural law], it is generally agreed that a substantive law creates, defines and regulates rights while a procedural law prescribes the methods of enforcing such rights or obtaining redress." Romano v. B.B. Greenberg, 108 R.I. 132, 136, 273 A.2d 315 (1971). A rule governing the burden of proof is a rule prescribing the method of enforcing rights or obtaining redress and thus is procedural law. Thus, as in Davis, "[t]his procedural amendment accomplishes this result without imposing, increasing or decreasing any substantive right or obligation of the employer or employee[, and] [i]ts procedural nature thus renders the date of injury rule inapplicable." 54 Conn.App. at 858, 738 A.2d 697.

Ocean State contends that Fulco v. Norwich Roman Catholic Diocesan Corp. supports its position However, that case makes it clear that the amendment at issue there changed the statute so that double damages are now available for nonpayment of vacation pay, whereas double damages for nonpayment of vacation pay previously were not available. As the court noted: "Public Act No. 90-55, which authorizes double damages for the nonpayment of vacation pay in addition to double damages

for the nonpayment of wages, creates new substantive rights and corresponding liabilities." 27 Conn.App. at 805, 609 A.2d 1034.

Therefore, the motion in limine is being granted with respect to this issue.

## VI. Equitable Tolling of the Statute of Limitations for the FLSA Collective Members

■ The plaintiffs move for an order equitably tolling the statute of limitations for the FLSA claim so that each plaintiff's claim dates back to November 25, 2009, when the motion for conditional certification was filed. The court concludes that the statute of limitations should not be equitably tolled, except with respect to the period agreed to by the parties in connection with Ocean State's motion for extension of time filed December 11, 2009 (see Doc. No. 33). As the court construes that agreement, the parties agreed to equitable tolling for a period of 33 days. Ocean State's response would have been due on December 16, 2009, and as a result of the court granting the motion for extension of time, its response was due by, and filed on, January 18, 2010, a period of 33 days.

The plaintiffs moved for conditional certification of the FLSA collective on November 25, 2009. Ocean State filed its opposition on January 18, 2010 (see Doc. No. 39). The plaintiffs filed their reply memorandum on February 3, 2010 (see Doc. No. 40). An order granting the motion for certification was filed on May 17, 2010, which was approximately three months and two weeks after the motion was fully briefed.

The plaintiffs argue that:

Because Plaintiffs acted diligently in moving for conditional certification, and the twenty five Plaintiffs who are members of the putative class did not have the opportunity to join this suit until after May 2010's ruling on conditional

certification, this Court should toll their statute of limitations to the filing of their motion for conditional certification. See, e.g., Tubiak v. Nielsen Co. (US), LLC, 2016 WL 796861, *4, 2016 U.S. Dist. LEXIS 23241, *14 (S.D.N.Y. Feb. 25, 2016) ("the claims of potential class members should not be penalized based on 'understandable delays in rulings.'") (citation omitted); Yahraes v. Rest. Assocs. Events Corp., 2011 WL 844963, *2, 2011 U.S. Dist. LEXIS 23115, *8–9 (E.D.N.Y. Mar. 8, 2011) (equitable tolling of limitations period from filing of motion for conditional certification granted due to litigation delays) . . . . (Pls.' Mem. at 20-21.) The plaintiffs cite Yahraes v. Rest. Assocs. Events Corp. for the proposition that "[t]he delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine." 2011 WL 844963, at *2, 2011 U.S. Dist. LEXIS 23115 at *4. The court agrees that the delay caused by the time required for a court to rule on such a motion may constitute an extraordinary circumstance justifying application of the equitable tolling doctrine, but the court concludes that such a delay constitutes an extraordinary circumstance only in circumstances not present here.

In Titchenell v. Apria Healthcare Inc., the court observed that

Courts have applied tolling when, for example, a case is stayed pending a decision by the Judicial Panel on Multidistrict Litigation, see Adams v. Tyson Foods, Inc., No. 07–CV–4019, 2007 WL 1539325, at *1–2 (W.D.Ark. May 25, 2007), or pending court-ordered mandatory settlement conferences, see Helton v. Factor 5, Inc., No. C–10–04927 SBA, 2011 WL 5925078, at *2 (N.D.Cal. Nov.

28, 2011). On the other hand, in the average case in which the delay is attributable to the normal litigation process, courts have held that equitable tolling is not appropriate. See, e.g., Muhammad v. GBJ, Inc., No. H–10–2816, 2011 WL 863785, at *2 (S.D.Tex. Mar. 9, 2011) (declining to apply tolling due to "the need for limited discovery to determine whether certification is appropriate" because such a need "is present in many FLSA actions"); Tidd v. Adecco USA, Inc., No. 07–11214–GAO, 2008 WL 4286512, at *5 (D.Mass. Sept. 17, 2008) ("[T]he circumstances of this case are not substantially different from other FLSA cases, and acceptance of the plaintiffs' argument would essentially mean that equitable tolling should occur in every FLSA collective action, changing the principle of equitable tolling from the exception to the norm.").

No. CIV.A. 11–563, 2012 WL 3731341, at *7 (E.D.Pa. Aug. 29, 2012). Also, in Hintergerger v. Catholic Health System, the court denied a motion for equitable tolling, concluding that:

Cases that have denied tolling have done so because the plaintiff failed to carry his or her burden of demonstrating diligence and/or the existence of extraordinary circumstances. . . . As for Plaintiffs' concern over litigation delays, I again note that no stay was imposed here. Unfortunately, the time for consideration of the conditional certification and related motions is reflective of an increasing caseload in this District and does not constitute an extraordinary circumstance for tolling purposes. Equitable tolling is 'a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' Wallace v. Kato, 549 U.S. 384, 396, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

No. 08–CV–380S, 2009 WL 3464134, at *15 (W.D.N.Y. Oct. 21, 2009). There, the court noted that thirteen months had passed since the motion was submitted.

Those cases relied upon by the plaintiffs in which there is an analysis of the specific circumstances of the case are consistent with the approach in Titchenell v. Apria Healthcare Inc. and Hintergerger v. Catholic Health System. For example, in Yahraes, "defendants' actions—re-briefing the certification motion, seeking to defer certification in anticipation of dispositive motions, and failing to produce documents in connection with the NYSDOL investigation—have frustrated plaintiffs' diligent attempts to ensure that claims did not expire." 2011 WL 844963 at *3, 82011 U.S. Dist. LEXIS 23115 at *6. Even so, the court tolled only 92 days. In Lee v. ABC Carpet & Home, the court ordered equitable tolling based on the fact that "the Court [had] ordered that Plaintiff's motion for class certification be put on hold pending the Court's resolution of Defendants' summary judgment motion." 236 F.R.D. 193, 200 (S.D.N.Y.2006). In Abadeer v. Tyson Foods, Inc., the court ordered equitable tolling where "the Court denied Plaintiffs' motion to conditionally certify their FLSA claims as a collective action and granted Defendants' request to conduct limited discovery on Plaintiffs' motion to conditionally certify." No. 3:09–0125, 2010 WL 5158873, at *1 (M.D.Tenn. Dec. 14, 2010).

Thus, the court concludes that the plaintiffs have not met their burden of demonstrating the existence of extraordinary circumstances. What they point to is merely a normal litigation delay, and granting them the relief they seek would "change the principle of equitable tolling from the exception to the norm." Titchenell, 2012 WL 3731341, at *7.

Therefore, the motion in limine is being denied with respect to this issue.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion in Limine (Doc. No. 303) is hereby GRANTED in part and DENIED in part. The motion in limine is being granted with respect to Issues I, IV, and V, and denied with respect to Issues II, III, and VI.

It is so ordered.